EXHIBIT A

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | | | | | | DATE:10/15/2020 REGISTER#:212 CASHIER:TCOBB |
| | 13 | 10/15/2020 | | Receipt: | Event | RECEIPT#:2120113 AMT PAID:($100.00) COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 ($100.00) ($100.00) TENDER TYPE:CHECK TENDER AMT:($100.00) RECEIPT DATE:10/15/2020 REGISTER#:212 CASHIER:TCOBB |
| | 12 | 10/15/2020 | | Receipt: | Event | RECEIPT#:2120101 AMT PAID:$100.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $100.00 $100.00 TENDER TYPE:CHECK TENDER AMT:$100.00 RECEIPT DATE:10/15/2020 REGISTER#:212 CASHIER:TCOBB |
| 📄 | 11 | 10/06/2020 | | Motion for Pro Hac Vice | Event | |
| 📄 | 10 | 09/25/2020 | | Agreed Order | Event | EXTENSION OF TIME TO RESPONSD |
| 📄 | 9 | 09/24/2020 | | Motion for Extension of Time | Event | Parties: Almeida Alejandro |
| 📄 | 8 | 09/23/2020 | | Notice of Appearance | Event | Parties: Cloud 10 Corp |
| | | 08/26/2020 | | 20 Day Summons Issued | Service | |
| 📄 | 7 | 08/26/2020 | | ESummons 20 Day Issued | Event | Parties: Cloud 10 Corp |
| | 6 | 08/21/2020 | | Receipt: | Event | RECEIPT#:2700076 AMT PAID:$10.00 NAME:ANTHONY M GEORGES-PIERRE 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00 RECEIPT DATE:08/21/2020 REGISTER#:270 CASHIER:EFILINGUSER |
| 📄 | 5 | 08/18/2020 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 📄 | 4 | 07/27/2020 | | Service Returned | Event | |
| | 3 | 07/03/2020 | | Receipt: | Event | RECEIPT#:2560038 AMT PAID:$401.00 NAME:ANTHONY M GEORGES-PIERRE 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RECEIPT DATE:07/03/2020 REGISTER#:256 CASHIER:EFILINGUSER |
| 📄 | 2 | 07/01/2020 | | Complaint | Event | |
| 📄 | 1 | 07/01/2020 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



## HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33133

305-275-1155

©2021 Clerk of the Courts. All rights reserved.



Filing # 109701308 E-Filed 07/01/2020 09:00:33 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Alejandro Almeida</u>
Plaintiff
vs.
<u>Cloud 10 Corp</u>
Defendant

---

**II.      AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>300,000</u>

**III.      TYPE OF CASE**      (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

| | |
|---|---|
| ☐ Condominium | ☐ Malpractice – other professional |
| ☐ Contracts and indebtedness | ☒ Other |
| ☐ Eminent domain | ☐ Antitrust/Trade Regulation |
| ☐ Auto negligence | ☐ Business Transaction |
| ☐ Negligence – other | ☐ Circuit Civil - Not Applicable |
| ☐ Business governance | ☐ Constitutional challenge-statute or ordinance |
| ☐ Business torts | ☐ Constitutional challenge-proposed amendment |
| ☐ Environmental/Toxic tort | ☐ Corporate Trusts |
| ☐ Third party indemnification | ☒ Discrimination-employment or other |
| ☐ Construction defect | ☐ Insurance claims |
| ☐ Mass tort | ☐ Intellectual property |
| ☐ Negligent security | ☐ Libel/Slander |
| ☐ Nursing home negligence | ☐ Shareholder derivative action |
| ☐ Premises liability – commercial | ☐ Securities litigation |
| ☐ Premises liability – residential | ☐ Trade secrets |
| ☐ Products liability | ☐ Trust litigation |
| ☐ Real Property/Mortgage foreclosure | |
| ☐ Commercial foreclosure | ☐ County Civil |
| ☐ Homestead residential foreclosure | ☐ Small Claims up to $8,000 |
| ☐ Non-homestead residential foreclosure | ☐ Civil |
| ☐ Other real property actions | ☐ Replevins |
| ☐ Professional malpractice | ☐ Evictions |
| ☐ Malpractice – business | ☐ Other civil (non-monetary) |
| ☐ Malpractice – medical | |

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
      ☒   Monetary;
      ☐   Non-monetary declaratory or injunctive relief;
      ☐   Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:**
      (Specify)

      <u>3</u>

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☐   Yes
      ☒   No

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☒   No
      ☐   Yes – If "yes" list all related cases by name, case number and court:

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☒   Yes
      ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   <u>s/ Anthony M Georges-Pierre</u>
         Attorney or party
FL Bar No.: <u>533637</u>
         (Bar number, if attorney)
         <u>Anthony M Georges-Pierre</u>
         (Type or print name)
   Date:   <u>07/01/2020</u>

Filing # 109701308 E-Filed 07/01/2020 09:00:33 PM

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE No.: _____

ALEJANDRO ALMEIDA,

     Plaintiff,

vs.

CLOUD 10 CORP,

     Defendant.

_____/

## COMPLAINT

The Plaintiff, Alejandro Almeida (hereinafter "Plaintiff"), by and through the undersigned

counsel, hereby sues Defendant, Cloud 10 Corp (hereinafter "Defendant" or "employer"), and in

support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000), exclusive of

    attorney's fees, interest and costs; and therefore, this action is within the jurisdiction of this

    Court.

2. Plaintiff is a male, he was and continues to be, a resident of Miami-Dade County, Florida;

    and was an employee of Defendant, performing duties as a qualified personnel for the

    Defendant, within a company operated business facility, located in South, Florida.

3. Defendant, is a for-profit corporation, duly authorized to conduct business in the State of Florida.

4. Defendant is an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.,* (hereinafter referred to as "FCRA") since it employs fifteen or more employees for the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

5. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*

6. Venue is proper in Miami-Dade County, Florida, pursuant to Fla. Stat. Section 47.011, because all of the actions complained of herein occurred within the jurisdiction of the Eleventh Judicial Circuit, In and for Miami-Dade County, Florida.

7. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

8. Pursuant to Florida Statute Section 760.11 (1), for all charges of discrimination filed after June 8, 2001, the filing of a discrimination charge with the Equal Employment Opportunity Commission or with a local fair employment practices agency, vest the Florida Commission On Human Relations with jurisdiction with respect to that charge.

9. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## **FACTUAL ALLEGATIONS**

10. Plaintiff was discriminated against by Defendant employer based on disability and retaliation.

11. Plaintiff a male and began working for the Defendant on or about September 2019 as a IOS Tier One Advisor. The plaintiff feels as if he was discriminated against by his employer Cloud 10 Corp because of his disability or perceived disability. The plaintiff started working for the company on or about September 2019 as an IOS Tier One Advisor. The discrimination he was subject to includes, but is not limited to, the following: The plaintiff is an individual who suffers from bipolar disorder, depression, fibromyalgia myalgia, panic disorder and paranoia. As soon as the plaintiff was hired by the company named Cloud 10 Corp, he let HR know about his diagnosis and need for a disability accommodations from his psychiatrist for sick leave and reduced hours at work. HR agreed to these conditions and the plaintiff began employment with the company. About a month later, the plaintiff began to feel symptoms linking to his condition. As a result, the plaintiff began to miss days of work throughout October 2019, to follow up with his doctor. The days the plaintiff requested off were previously approved and didn't seem like it was an issue with HR or the team leader named Teresa Wyatt. Shortly, after taking days off, Ms. Wyatt began to reprimand the plaintiff about his doctors visits meanwhile she was duly aware of the plaintiffs conditions and accommodations. On or about October 24th, 2018 the plaintiff requested days off to visit his endocrinologist and four days later the plaintiff was terminated by the operations manager named Katie Patterson. The plaintiff strongly believes that he was terminated in

discrimination of his disability and perceived disability. Throughout the plaintiff's employment he was able to perform the essential functions of his job duties and responsibilities, and at all relevant times the plaintiff performed his job at satisfactory or above satisfactory levels. Any reason proffered by the plaintiff's employer for the adverse employment actions is mere pretext for unlawful discrimination and retaliation.

12. Throughout Plaintiff's employment, Plaintiff's work had been exemplary and proven himself an exceptional and professional employee. Plaintiff performed his job well.

13. During the relevant time period, Plaintiff was subjected to different terms and conditions of employment because of his disability and retaliation.

14. Plaintiff was terminated on or about October 2019.

15. Plaintiff while employed with Defendant was a victim of blatant, willful and unlawful discrimination based upon retaliation. Furthermore, Plaintiff was retaliated due to the exercise of their legal rights.

16. Even though Plaintiff followed employer's proscribed methods for reporting discrimination, Defendant failed to conduct a contemporaneous investigation into the serious issues raised by Plaintiff or make Defendant's human resources department aware of Plaintiff's concerns such that corrective and/or remedial action could be taken. As a result, Defendant never followed up with Plaintiff about the steps that were being taken to address Plaintiff's concerns, as there were none.

17. Inter alia what led to Plaintiff's termination was Plaintiff's refusal to remain silent in the face of a toxic culture that included discriminatory comments, discriminatory acts against protected class.

18. Plaintiff believed defendant was committed to ensuring a respectful workplace for all employees, reported the illegal employer transgressions to various leadership members of Defendant executives with the expectation that human resources for Defendant would investigate Plaintiff's complaints and take appropriate remedial action. Instead of taking appropriate actions and investigating these serious issues Defendant's proclaimed stance on discrimination does not reflect the actual culture of the employer. Time after time Defendant has chosen corporate profits over doing the right thing and taking meaningful action to eradicate discrimination on its own.

19. Plaintiff believed defendant was committed to ensuring a respectful workplace for all employees, reported the illegal employer transgressions to various leadership members of Defendant executives with the expectation that human resources for Defendant would investigate Plaintiff's complaints and take appropriate remedial action. Instead of taking appropriate actions and investigating these serious issues Defendant's proclaimed stance on discrimination does not reflect the actual culture of the employer. Time after time Defendant has chosen corporate profits over doing the right thing and taking meaningful action to eradicate discrimination on its own.

20. Plaintiff is informed and believes and thereon alleges that pursuant to the Florida Civil Rights Act, it is unlawful to harass employees based on their statutory protected class, and that employers must take all reasonable steps to prevent harassment from occurring. Plaintiff is further informed and believes and thereon alleges that the FCRA holds employers strictly liable for harassment by Plaintiff's direct supervisor or any other manager.

21. Plaintiff is informed and believes and thereon alleges that, based on the allegations as set

forth herein, and throughout this complaint, employer knew of the harassing and discriminatory conduct directed at Plaintiff and are responsible for, and liable for, the harassment and hostile work environment created by the harassment and discrimination done to Plaintiff, based on Plaintiff's protected class as stated within Plaintiff's charge of discrimination filed pre-suit with the Equal Employment Opportunity Commission.

22. As a direct and proximate result of Defendant's unlawful harassment of Plaintiff, and the creation of a hostile work environment, as alleged herein, Plaintiff has suffered loss of income, and has experienced stress and severe emotional distress, thus entitling Plaintiff to damages in an amount to be proven at the time of trial in this matter. Plaintiff is further informed and believes and thereon alleges that the conduct of Defendant was severe and pervasive.

23. As a direct and proximate result of Defendant, and each of their, discriminatory actions as alleged herein, Plaintiff has suffered, and continues to suffer damages, the exact amount of which will be proven at trial.

24. As a proximate result of Defendant's actions, Plaintiff has suffered, and continues to suffer severe and lasting humiliation, embarrassment, mental anguish, and other incidental and consequential damages and expenses, which all caused Plaintiff damage in an amount according to proof at trial.

## COUNT I.

## DISCRIMINATION BASED ON PLAINTIFF'S PROTECTED CLASS IN VIOLATION OF THE FCRA

25. The foregoing facts are incorporated herein.

26. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's

employment, based upon disability considerations, or disability and failure to accommodate-based reasons.

27. The Plaintiff, possessed the requisite qualifications and skills to perform the position for the Defendant employer.

28. The Plaintiff was subjected to disparate treatment in the work place, in that a similarly situated employee was allowed opportunities not given to Plaintiff due to Plaintiff's legally protected category.

29. Defendant discriminated against Plaintiff on the basis of his disability, by subjecting Plaintiff to different terms and conditions of employment and terminating Plaintiff's employment for pretexual reasons.

30. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.

31. The actions of the Defendant constitute an intentional violation of the FCRA, and as a direct, natural, foreseeable and proximate result of the actions and inactions of Defendant, Plaintiff has suffered injuries and losses including a violation of his statutory rights, mental pain and suffering and extreme emotional stress; loss of ability to lead a normal life; lost wages and benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

32. Plaintiff has retained the services of the undersigned attorneys to represent him in this action and is obligated to pay them a reasonable fee for their services Plaintiff has retained the services of the undersigned attorneys to represent him in this action and is obligated to pay them a reasonable fee for their services.

33. Moreover, as a further result of the Defendant's unlawful discriminatory-based conduct, the Plaintiff has been compelled to file this action and Plaintiff has incurred the costs of litigation.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

B. Award Plaintiff as to this count prejudgment interest; and

C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to state law.

E. Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

F. Plaintiff demands a trial by jury.

## COUNT II.

## FAILURE TO PREVENT WORKPLACE DISCRIMINATION AND HARASSMENT BASED ON PLAINTIFF'S PROTECTED CLASS IN VIOLATION OF THE FCRA

34. The foregoing facts are incorporated herein.

35. Plaintiff is informed and believes and thereon alleges that, pursuant to applicable law, Defendant is prohibited from failing to take all reasonable steps necessary to prevent discrimination and harassment in the workplace.

36. Defendant violated its duty under the FCRA by failing to take all reasonable measures to prevent their agents, employees and management from creating a hostile work environment.

37. Defendant knew or should have known about the harassment as alleged herein. Defendant was advised on repeated occasions that their agents, employees and management were engaging in conduct in violation or potentially in violation of the FCRA. Despite such knowledge, Defendant failed to take immediate and appropriate corrective action to prevent the hostile work environment as alleged herein and detailed within Plaintiff's charge of discrimination filed with the EEOC.

38. As a result of Defendant's failure to take all reasonable steps to prevent discrimination and harassment in violation of the FCRA, Plaintiff has suffered and continues to suffer damages, including severe emotional and/or physical distress, the exact amount of which will be proven at trial.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

B. Award Plaintiff as to this count prejudgment interest; and

C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

E. Plaintiff demands a trial by jury.

    F.   Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

## COUNT III.

## RETALIATION BASED ON PLAINTIFF'S PROTECTED CLASS IN VIOLATION OF THE FCRA

39. The foregoing facts are incorporated herein.

40. The Florida Civil Rights Act prohibits an employer from retaliating against an employee for engaging in protected activity under the Act. The law prohibits and addresses employers who punish their employees for properly reporting inappropriate conduct, making the victim even worse off.

41. Plaintiff engaged in protected activity under the Act by complaining to Defendant about the disparate treatment to which Plaintiff was subjected to and by speaking out against Defendant's failure to hold its own employees accountable for their discriminatory conduct that violates the FCRA.

42. Upon information and belief, Defendant was aware of Plaintiff's protected activities.

43. Upon information and belief, Defendant retaliated against Plaintiff for engaging in these protected activities.

44. Defendant's actions have directly and proximately caused Plaintiff loss of income and other financial benefits, and have caused Plaintiff severe emotional distress, pain and suffering, embarrassment, humiliation, indignity, and damage to Plaintiff professional reputation.

45. Upon information and belief, Defendant's conduct was motivated by intentional, discriminatory animus that injured Plaintiff; their conduct was willful and outrageous; and their conduct was aggravated by evil motive, actual malice, or with reckless indifference to Plaintiff's legal rights.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

    A.  Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

    B.  Award Plaintiff as to this count prejudgment interest; and

    C.  Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

    D.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Florida Law.

    E.  Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

    F.  Plaintiff demands a trial by jury.

Dated this the 1st of July, 2020

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Tel.  (305) 416-5000
E-Mail: agp@rgpattorneys.com

By: *Anthony M. Georges-Pierre*
Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 0533637

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE No.: _____

ALEJANDRO ALMEIDA,

      Plaintiff,

vs.

CLOUD 10 CORP,

      Defendant.

_____/

### SUMMONS IN A CIVIL CASE

TO:
C T CORPORATION SYSTEM
Registered Agent for CLOUD 10 CORP
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S
ATTORNEY**

Anthony M. Georges-Pierre, Esq.

REMER & GEORGES-PIERRE, PLLC
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, FL 33130

an answer to the complaint which is herewith served upon you, within **21 days** after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.  You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

_____     _____
CLERK                    DATE

_____
(BY) DEPUTY CLERK

Filing # 110865370 E-Filed 07/27/2020 05:24:17 PM

**IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA**

**GENERAL JURISDICTION DIVISION**

**CASE No.:** _____

ALEJANDRO ALMEIDA,

      Plaintiff,

vs.

CLOUD 10 CORP,

      Defendant.

_____/

**SUMMONS IN A CIVIL CASE**

TO:
C T CORPORATION SYSTEM
Registered Agent for CLOUD 10 CORP
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S
ATTORNEY**

Anthony M. Georges-Pierre, Esq.

REMER & GEORGES-PIERRE, PLLC
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, FL 33130

an answer to the complaint which is herewith served upon you, within **21 days** after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.  You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

_____    _____
CLERK                         DATE

_____
(BY) DEPUTY CLERK

Filing # 111969500 E-Filed 08/18/2020 11:26:05 AM

**IN THE CIRCUIT COURT OF THE**
**11TH JUDICIAL CIRCUIT, IN AND FOR**
**MIAMI-DADE COUNTY, FLORIDA**

**ALEJANDRO ALMEIDA,**

       **Plaintiff(s),**

**vs.**

**CLOUD 10, CORP.,**

       **Defendant(s).**

_____/

**CASE NO.: 2020-013936 CA 01**

**SUMMONS IN A CIVIL CASE**

**TO:**                   **CLOUD 10, CORP.**
                             **Through Its Registered Agent:**
                             **CT Corporation System**
                             1200 South Pine Island Road
                             Plantation, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                             ANTHONY M. GEORGES-PIERRE, ESQ.
                             REMER & GEORGES-PIERRE, PLLC.
                             44 WEST FLAGLER STREET. STE. 2200
                             MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____       _____
CLERK                              DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ALEJANDRO ALMEIDA,                           CASE NO.: 2020-013936 CA 01

       Plaintiff(s),

vs.

CLOUD 10, CORP.,

       Defendant(s).
_____/

## SUMMONS IN A CIVIL CASE

TO:                          CLOUD 10, CORP.
                             Through Its Registered Agent:
                             CT Corporation System
                             1200 South Pine Island Road
                             Plantation, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                             ANTHONY M. GEORGES-PIERRE, ESQ.
                             REMER & GEORGES-PIERRE, PLLC.
                             44 WEST FLAGLER STREET. STE. 2200
                             MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

8/26/2020

CLERK                                DATE

309877

(BY) DEPUTY CLERK

Filing # 113845030 E-Filed 09/23/2020 02:33:37 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ALEJANDRO ALMEIDA,                              CASE NO. 2020-013936-CA-01

      Plaintiff,

vs.

CLOUD 10 CORP.,

      Defendant.

_____/

## NOTICE OF APPEARANCE OF COUNSEL
## AND DESIGNATION OF E-MAIL ADDRESSES

      Notice is hereby given that Suhaill M. Morales, Esq., from the law firm of Allen, Norton & Blue, P.A. appears as counsel for Defendan t in the above-styled matter.  Please direct all pleadings, notices, and correspondence accordingly.

      In addition, the undersigned counsel hereby designates the following e-mail addresses in accordance with Fla. R. Civ. P. 1.080 and Fla. R. Jud. Admin. 2.516(b)(1)(A) for purposes of service of all documents required to be served pursuant thereto in this proceeding:

**Suhaill M. Morales:**        smorales@anblaw.com (primary)

                                 asalgado@anblaw.com (secondary)

                    Respectfully submitted,

                    /s/Suhaill M. Morales
                    Suhaill M. Morales
                    Florida Bar No. 84448
                    smorales@anblaw.com
                    ALLEN, NORTON & BLUE, P.A.
                    121 Majorca Avenue, Suite 300
                    Coral Gables, Florida 33134
                    Telephone: (305) 445-7801
                    Facsimile: (305) 442-1578
                    Counsel for Defendant

**<u>CERTIFICATE OF SERVICE</u>**

      I HEREBY CERTIFY that on **<u>September 23, 2020</u>**, I electronically filed the foregoing document with the Clerk of the Court using e-Filing Portal.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via e-mail in accordance with Rule 2.516 or in some other authorized manner for those counsel or parties who are not authorized to receive electronic mailing.

Anthony M. Georges-Pierre, Esq.
REMER & GEORGES-PIERRE, PLLC
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Email:  <u>agp@rgpattorneys.com</u>

                      /s/Suhaill M. Morales
                      ATTORNEY

Filing # 113932938 E-Filed 09/24/2020 04:08:49 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ALEJANDRO ALMEIDA,                          CASE NO. 2020-013936-CA-01

        Plaintiff,

vs.

CLOUD 10 CORP.,

        Defendant.

_____/

### DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, CLOUD 10 CORP. (hereinafter "Defendant"), by and through undersigned counsel, respectfully requests an extension of time, up to and including October 28, 2020, to answer or otherwise respond to Plaintiff, ALEJANDRO ALMEIDA's, Complaint, and in support states:

1.      On August 18, 2020, Plaintiff filed his Complaint in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, titled *Alejandro Almeida v. Cloud 10, Corp.*, Case No. 2020-013936. The Complaint was served on Defendant on September 8, 2020.

2.      Accordingly, Defendant's response to the Complaint is due September 28, 2020.

3.      Due to pressing business requirements, Defendant respectfully requests a one-month extension of time through October 28, 2020 to answer, respond, or otherwise plead to Plaintiff's Complaint.

4.      Defendant's requested enlargement of time is made in good faith, will not prejudice any party to this action, and will foster a quick and efficient resolution to this dispute by giving

1

SPDN-868764429-2774309

the parties additional time to discuss and finalize a settlement without unnecessary work on the file.

5.   Defendant's counsel has conferred with Plaintiff's counsel, who does not oppose the requested enlargement.

WHEREFORE, Defendant respectfully requests that this Court grant his request for an extension of time up to and including October 28, 2020, to answer, respond, or otherwise plead to Plaintiff's Complaint.

Dated:  September 24, 2020                          Respectfully submitted,

                                                   /s/Suhaill M. Morales
                                                   Suhaill M. Morales
                                                   smorales@anblaw.com
                                                   Florida Bar No. 084448
                                                   ALLEN NORTON & BLUE, P.A.
                                                   121 Majorca Avenue, Suite 300
                                                   Coral Gables, Florida 33134
                                                   Tel.: (305) 445-7801
                                                   Fax: (305) 442-1578
                                                   Counsel for Defendant

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **September 24, 2020**, I electronically filed the foregoing document with the Clerk of the Court using e-Filing Portal. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via e-mail in accordance with Rule 2.516 or in some other authorized manner for those counsel or parties who are not authorized to receive electronic mailing.

Anthony M. Georges-Pierre, Esq.
REMER & GEORGES-PIERRE, PLLC
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Email: agp@rgpattorneys.com

/s/Suhaill M. Morales
ATTORNEY

3

Filing # 113952274 E-Filed 09/25/2020 08:11:57 AM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2020-013936-CA-01
SECTION: CA06
JUDGE: Abby Cynamon

**Alejandro Almeida**

Plaintiff(s)

vs.

**Cloud 10 Corp**

Defendant(s)

_____ /

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT

THIS CAUSE came before the Court on the parties' agreement to extend the Defendant's deadline to file its answer or otherwise responsive pleading to the Complaint. The Court having been fully advised of the premises by the parties, Orders as follows:

Defendant's request for an extension to file its answer and affirmative defenses to the Plaintiff's Complaint is GRANTED. Defendant shall have until October 28, 2020, to file its answer or otherwise responsive pleading in the above-styled case.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 25th day of September, 2020.

2020-013936-CA-01 09-25-2020 8:06 A

2020-013936-CA-01 09-25-2020 8:06 AM
Hon. Abby Cynamon

**CIRCUIT COURT JUDGE**
Electronically Signed

> No Further Judicial Action Required on **THIS MOTION**
>
> CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**

Anthony M Georges-Pierre, agp@rgpattorneys.com

Anthony M Georges-Pierre, pn@rgpattorneys.com

Anthony M Georges-Pierre, agpassistant@rgpattorneys.com

Suhaill Morales, smorales@anblaw.com

Suhaill Morales, asalgado@anblaw.com

**Physically Served:**

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL DISTRICT COURT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.: 2020-013936 CA 01

ALEJANDRO ALMEIDA,

      Plaintiff,

vs.

CLOUD 10 CORP.,

      Defendant.

_____/

## VERIFIED MOTION FOR ADMISSION TO APPEAR PRO HAC VICE PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510

Comes now Brian P. Swanson, Movant herein, and respectfully represents the following:

1.      Movant resides in Birch Run, Michigan. Movant is not a resident of the State of Florida.

2.      Movant is an attorney and a member of the law firm of Masud Labor Law Group, with an office at 4449 Fashion Square Boulevard, Suite 1, Saginaw, Michigan 48603, telephone number (989) 792-4499.

3.      Movant was retained as a member of the above-named law firm on September 16, 2020, by Defendant, Cloud 10 Corporation, to provide legal representation in connection with the above-styled matter now pending before this Court.

4.      Movant is an active member in good standing and currently eligible to practice law in the following jurisdictions:

| Jurisdiction / Date | Attorney Bar Number |
|---|---|
| State Bar of Michigan / November 14, 1997 | P53271 |

| | |
|---|---|
| U.S. District Court - Eastern District of Michigan / December 9, 1997 | P53271 |
| U.S. District Court – Western District of Michigan / March 9, 1998 | P53271 |
| Sixth Circuit Court of Appeals / July 13, 1998 | P53271 |
| U.S. District Court - Northern District of Illinois / October 8, 2014 | N/A |
| U.S. District Court – Colorado / January 10, 2017 | N/A |
| U.S. District Court – Eastern District of Missouri / March 22, 2017 | N/A |
| U.S. District Court – Southern District of Indiana / August 29, 2018 | N/A |
| District Court – State of Minnesota Fifth Judicial District – December 3, 2018 – *pro hac vice* | N/A |
| U.S. District Court, Western District of Texas / August 10, 2020 | N/A |

5.      There are no disciplinary proceedings pending against Movant.

6.      Within the past five (5) years, Movant has not been subject to any disciplinary proceedings.

7.      Movant has never been subject to any suspension proceedings.

8.      Movant has never been subject to any disbarment proceedings.

9.      Movant, either by resignation, withdrawal, or otherwise, has never terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

10.     Movant is not an inactive member of The Florida Bar.

11.     Movant is not now a member of The Florida Bar.

12.     Movant is not a suspended member of The Florida Bar.

13.     Movant is not a disbarred member of The Florida Bar, nor has Movant received a disciplinary resignation from The Florida Bar.

14.     Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of Judicial Administration 2.510.

15.     Movant has not filed any motions to appear as counsel in Florida state courts during the past five (5) years.

16.     Local counsel of record associated with Movant in this matter is Suhaill M. Morales, Florida Bar No. 88448, who is an active member in good standing of The Florida Bar and whose office is at 121 Majorca Avenue, Suite 300, Coral Gables, Florida 33134, telephone number 305-445-7801.

17.     Movant has read the applicable provisions of Florida Rule of Judicial Administration 2.510 and Rule 1-3.10 of the Rules Regulating The Florida Bar and certifies that this Verified Motion complies with those rules.

18.     Movant agrees to comply with the provisions of the Florida Rules of Professional Conduct and consents to the jurisdiction of the courts and the Bar of the State of Florida.

WHEREFORE, Movant respectfully requests permission to appear in this Court for this cause only.

Dated this 28th day of September 2020

MASUD LABOR LAW GROUP
Attorneys for Defendant

BY: _____
BRIAN P. SWANSON (P53271)
4449 Fashion Square Boulevard, Suite 1
Saginaw, MI  48603
(989) 792-4499
bswanson@masudlaborlaw.com

3

Filing # 115699071 E-Filed 10/27/2020 03:54:43 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL DISTRICT COURT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.: 2020-013936 CA 01

ALEJANDRO ALMEIDA

      Plaintiff,

vs.

CLOUD 10 CORP.,

      Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendant, CLOUD 10 CORPORATION (hereinafter Defendant), by and through its attorneys, Brian P. Swanson of Masud Labor Law Group (*pro hac vice* application pending) and Suhaill Machado Morales of Allen Norton & Blue, P.A., and in answer to Plaintiff's Complaint states as follows:

1.     This is an action for damages in excess of Thirty Thousand Dollars ($30,000), exclusive of attorney's fees, interest and costs; and therefore, this action is within the jurisdiction of this Court.

**ANSWER**:

Defendant admits Plaintiff claims damages in excess of $30,000.00. Defendant neither admits nor denies the remaining allegations in paragraph 1 as it denies that it engaged in the actions giving rise to Plaintiff's claims and that Plaintiff is entitled to the relief sought

2.     Plaintiff is a male, he was and continues to be, a resident of Miami-Dade County, Florida; and was an employee of Defendant, performing duties as a qualified personnel for the Defendant, within a company operated business facility, located in South, Florida.

**ANSWER:**

The allegations contained in paragraph 2 are unduly vague as to Plaintiff's intended meaning of "a qualified personnel for the Defendant" and, as such, Defendant neither admits nor denies those allegations as it does not have information and knowledge sufficient enough to form an opinion as to the truth of the allegations and leaves Plaintiff to his proofs. Defendant admits that Plaintiff represented himself to Defendant as being a male. Defendant denies that Plaintiff was employed at a company operated business facility in South Florida. Defendant neither admits nor denies the remaining allegations contained in paragraph 2 since Defendant does not have information and knowledge sufficient enough to form an opinion as to the truth of the allegations and leaves Plaintiff to his proofs.

3.     Defendant is a for-profit corporation, duly authorized to conduct business in the State of Florida.

**ANSWER:**

Admitted.

4.     Defendant is an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et. seq. (hereinafter referred to as "FCRA") since it employs fifteen or more employees for the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

**ANSWER:**

The allegations in paragraph 4 include improper legal conclusions to which no response is required. To the extent a response is necessary, Defendant denies that Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions, and definitions provided under the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, *et. seq.* ("FCRA) and applicable case

2

law.  Further, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Plaintiff's alleged violation of the statute.  Defendant admits that it employed Plaintiff and employs 15 or more employees.

5.      Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, *et. seq.*

**ANSWER:**

The allegations in paragraph 5 include improper legal conclusions to which no response is required.   To the extent a response is necessary, Defendant neither admits nor denies the conclusory legal allegations contained in paragraph 5 as it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, as such, leaves Plaintiff to his proofs.

6.      Venue is proper in Miami-Dade County, Florida, pursuant to Fla. Stat. Section 47.011, because all of the actions complained of herein occurred within the jurisdiction of the Eleventh Judicial Circuit, In and for Miami-Dade County, Florida.

**ANSWER:**

Defendant denies the allegations in paragraph 6.

7.      Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

**ANSWER:**

Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on November 5, 2019.   Defendant neither admits nor denies the

remaining allegations contained in paragraph 7 as it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, as such, leaves Plaintiff to his proofs.

       8.     Pursuant to Florida Statute Section 760.11 (1), for all charges of discrimination filed after June 8, 2001, the filing of a discrimination charge with the Equal Employment Opportunity Commission or with a local fair employment practices agency, vest the Florida Commission On Human Relations with jurisdiction with respect to that charge.

**ANSWER:**

The allegations in paragraph 8 include improper legal conclusions to which no response is required. To the extent a response is necessary, Defendant denies that Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions, and definitions provided under the FCRA and applicable case law. Further, Defendant neither admits nor denies the remaining conclusory legal allegations contained in paragraph 8 as it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, as such, leaves Plaintiff to his proofs.

       9.     All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**ANSWER:**

Denied.

**ALLEGED FACTUAL ALLEGATIONS**

       10.    Plaintiff was discriminated against by Defendant employer based on disability and retaliation.

**ANSWER:**

Denied.

11.      Plaintiff a male and began working for the Defendant on or about September 2019 as a IOS Tier One Advisor. The plaintiff feels as if he was discriminated against by this employer Cloud 10 Corp because of his disability or perceived disability.  The plaintiff started working for the company on or about September 2019 as an IOS Tier One Adviser.  The discrimination he was subjected to includes, but is not limited to, the following: The plaintiff is an individual who suffers from bipolar disorder, depression, fibromyalgia, panic disorder and paranoia.  As soon as the plaintiff was hired by the company named Cloud 10 Corp, he let HR know about his diagnosis and need for a disability accommodations from his psychiatrist for sick leave and reduced hours at work.  HR agreed to these conditions and the plaintiff began employment with the company. About a month later, the plaintiff began to feel symptoms linking to his condition.  As a result, the plaintiff began to miss days of work throughout October 2019, to follow up with his doctor. The days the plaintiff requested off were previously approved and didn't seem like it was an issue with HR or the team leader named Teresa Wyatt.  Shortly, after taking days off, Ms. Wyatt began to reprimand the plaintiff about his doctors (sic) visits meanwhile she was duly aware of the plaintiffs (sic) condition and accommodations. On or about October 24th, 2018 the plaintiff requested days off to visit his endocrinologist and four days later the plaintiff was terminated by the operations manager named Katie Patterson. The plaintiff strongly believes that he was terminated in discrimination of his disability and perceived disability.  Throughout the plaintiff's employment he was able to perform the essential functions of his job duties and responsibilities, and at all relevant times the plaintiff performed his job at a satisfactory or above satisfactory levels. Any reason proffered by

the plaintiff's employer for the adverse employment actions is a mere pretext for unlawful discrimination and retaliation.

**ANSWER:**

Defendant admits only that Plaintiff was employed by Defendant on August 22, 2019, and later terminated on October 28, 2019, for legitimate, non-discriminatory and non-retaliatory reasons. Defendant denies the remaining allegations in paragraph 11.

12.    Throughout Plaintiff's employment, Plaintiff's work had been exemplary and proven himself an exceptional and professional employee. Plaintiff performed his job well.

**ANSWER:**

Denied.

13.    During the relevant time period, Plaintiff was subjected to different terms and conditions of employment because of his disability and retaliation.

**ANSWER:**

Denied.

14.    Plaintiff was terminated on or about October 2019.

**ANSWER:**

Defendant admits that Plaintiff was terminated on October 28, 2019, for legitimate non-discriminatory and non-retaliatory reasons.

15.    Plaintiff while employed with Defendant was a victim of blatant, willful and unlawful discrimination based upon retaliation. Furthermore, Plaintiff was retaliated due to the exercise of their legal rights.

**ANSWER:**

Denied.

6

16.     Even though Plaintiff followed employer's proscribed methods for reporting discrimination, Defendant failed to conduct a contemporaneous investigation into the serious issues raised by Plaintiff or make Defendant's human resources department aware of Plaintiff's concerns such that corrective and/or remedial action could be taken.  As a result, Defendant never followed up with Plaintiff about the steps that were being taken to address Plaintiff's concerns, as there were none.

**ANSWER:**

The allegations contained in paragraph 16 are unduly vague and confusing as to Plaintiff's intended meaning of "proscribed methods for reporting discrimination." In further answer, Defendant denies the allegations in paragraph 16.

17.     Inter alia what led to Plaintiff's termination was Plaintiff's refusal to remain silent in the face of a toxic culture that included discriminatory comments, discriminatory acts against protected class.

**ANSWER:**

Defendant denies the allegations in paragraph 17.

18.     Plaintiff believed defendant was committed to ensuring a respectful workplace for all employees, reported the illegal employer transgressions to various leadership members of Defendant executives with the expectation that human resources for Defendant would investigate Plaintiff's complaints and take appropriate remedial action.  Instead of taking appropriate actions and investigating these serious issues Defendant proclaimed stance on discrimination does not reflect the actual culture of the employer.  Time after time Defendant has chosen corporate profits over doing the right thing and taking meaningful action to eradicate discrimination on its own.

**ANSWER:**

The allegations contained in paragraph 18 are unduly subjective, argumentative, and vague as to "committed to", "respectful workplace", "illegal employer transgressions", "actual culture of the employer", and unidentified "various leadership members of Defendant executives", and Defendant neither admits nor denies those allegations as it does not have information and knowledge sufficient enough to form an opinion as to the truth of the allegations and leaves Plaintiff to his proofs. Defendant also neither admits nor denies the allegations related to what Plaintiff alleges he was "informed and believes" or his expectations as it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, as such, leaves Plaintiff to his proofs. The allegations in paragraph 18 also include improper legal conclusions to which no response is required. To the extent a response is necessary, Defendant denies that Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions, and definitions provided under the FCRA and applicable case law. Defendant denies the remaining allegations in paragraph 18.

19.     Plaintiff believed defendant was committed to ensuring a respectful workplace for all employees, reported the illegal employer transgressions to various leadership members of Defendant executives with the expectation that human resources for Defendant would investigate Plaintiff's complaints and take appropriate remedial action. Instead of taking appropriate actions and investigating these serious issues Defendant proclaimed stance on discrimination does not reflect the actual culture of the employer. Time after time Defendant has chosen corporate profits over doing the right thing and taking meaningful action to eradicate discrimination on its own.

**ANSWER:**

The allegations contained in paragraph 19 are unduly subjective, argumentative and vague as to "committed to", "respectful workplace", "illegal employer transgressions," unidentified "various

8

leadership members of Defendant executives", "appropriate actions", "actual culture", "doing the right thing" and "meaningful action", and Defendant does not have information and knowledge sufficient enough to form an opinion as to the truth of the allegations and leaves Plaintiff to his proofs. Defendant also neither admits nor denies the allegations related to what Plaintiff "believes" and "expected" as it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.  The allegations in paragraph 19 also include improper legal conclusions to which no response is required.   To the extent a response is necessary, Defendant denies that Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions, and definitions provided under the FCRA and applicable case law.  Defendant denies the remaining allegations in paragraph 19.

20.     Plaintiff is informed and believes and thereon alleges that pursuant to Florida Civil Rights Act, it is unlawful to harass employees based on their statutory protected class, and that employers must take all reasonable steps to prevent discrimination from occurring. Plaintiff is further informed and believes and thereon alleges that the FCRA holds employers strictly liable for harassment by Plaintiff's direct supervisor or any other manager.

**ANSWER:**

Defendant neither admits nor denies the allegations related to what Plaintiff is "informed and believes" as it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, as such, leaves Plaintiff to his proofs. The allegations in paragraph 20 also include improper legal conclusions to which no response is required. To the extent a response is necessary, Defendant denies that Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions, and definitions provided under the FCRA and applicable case law.  Defendant denies the remaining allegations in paragraph 20.

9

21.     Plaintiff is informed and believes and thereon alleges that, based on the allegations as set forth herein and throughout this complaint, employer knew of the harassing and discriminatory conduct directed at Plaintiff and are responsible for, and liable for, the harassment and hostile work environment created by the harassment and discrimination done to Plaintiff, based on Plaintiff's protected class as stated within Plaintiff's charge of discrimination filed pre-suit with the Equal Employment Opportunity Commission.

**ANSWER:**

Defendant neither admits nor denies the allegations related to what Plaintiff is "informed and believes" as it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, as such, leaves Plaintiff to his proofs. The allegations in paragraph 21 also include improper legal conclusions to which no response is required. To the extent a response is necessary, Defendant denies that Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions, and definitions provided under the FCRA and applicable case law. Defendant denies the remaining allegations in paragraph 21.

22.     As a direct and proximate result of Defendant's unlawful harassment of Plaintiff, and the creation of a hostile work environment, as alleged herein, Plaintiff has suffered loss of income and has experienced stress and severe emotional distress, thus entitling Plaintiff to damages in an amount to be proven at the time of trial of this matter. Plaintiff is further informed and believes and thereon alleges that the conduct of Defendant was severe and pervasive.

**ANSWER:**

Defendant neither admits nor denies the allegations related to what Plaintiff is "informed and believes" as it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, as such, leaves Plaintiff to his proofs. The allegations in paragraph 22 also include

improper legal conclusions to which no response is required. To the extent a response is necessary, Defendant denies that Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions, and definitions provided under the FCRA and applicable case law. Further, Defendant denies that it engaged in any unlawful actions towards Plaintiff. Defendant denies the remaining allegations in paragraph 22.

23.     As a direct and proximate result of Defendant, and each of their, discriminatory actions as alleged herein, Plaintiff has suffered, and continues to suffer damages, the exact amount of which will be proven at trial.

**ANSWER:**

The allegations in paragraph 23 are unduly vague and confusing as to "their" and include improper legal conclusions to which no response is required. To the extent a response is necessary, Defendant denies that Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions, and definitions provided under the FCRA and applicable case law. Defendant denies the remaining allegations in paragraph 23.

24.     As a proximate result of Defendant's actions, Plaintiff has suffered, and continues to suffer severe and lasting humiliation, embarrassment, mental anguish, and other incidental and consequential damages and expenses, which all caused Plaintiff damage in an amount according to proof at trial.

**ANSWER:**

The allegations in paragraph 24 include improper legal conclusions to which no response is required. To the extent a response is necessary, Defendant denies that Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions, and definitions provided under the

11

FCRA and applicable case law.  Further, Defendant denies that it engaged in any unlawful actions towards Plaintiff. Defendant denies the remaining allegations in paragraph 24.

## ALLEGED COUNT I.

## DISCRIMINATION BASED ON PLAINTIFF'S PROTECTED CLASS IN VIOLATION OF THE FCRA

25.     The foregoing facts are incorporated herein.

**ANSWER:**

Defendant hereby incorporates by reference its answers to the foregoing paragraphs including paragraphs 1-24 as if fully restated herein.

26.     The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon disability considerations, or disability and failure to accommodate-based reasons.

**ANSWER:**

Paragraph 26 is Plaintiff's attempt to summarize and/or characterize the FCRA and, as such, does not require an affirmation or denial.  Nevertheless, to the extent that Paragraph 26 attempts to imply that Defendant is liable under the FCRA and in an abundance of caution, Defendant denies the allegations in Paragraph 26.

27.     The Plaintiff, possessed the requisite qualifications and skills to perform the position for the Defendant employer.

**ANSWER:**

Denied.

12

28.     The Plaintiff was subjected to disparate treatment in the work place, in that a similarly situated employee was allowed opportunities not given to Plaintiff due to Plaintiff's legally protected category.

**ANSWER:**

Denied.

29.     Defendant discriminated against Plaintiff on the basis of his disability, by subjecting Plaintiff to different terms and conditions of employment and terminating Plaintiff's employment for pretextual reasons.

**ANSWER:**

Denied.

30.     As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.

**ANSWER:**

Denied.

31.     The actions of the Defendant constitute an intentional violation of the FCRA, and as a direct, natural, foreseeable and proximate result of the actions and inactions of Defendant, Plaintiff has suffered injuries and losses including a violation of his statutory rights, mental pain and suffering and extreme emotional distress; loss of ability to lead a normal life; lost wages and benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

**ANSWER:**

Denied.

32.     Plaintiff has retained the services of the undersigned attorneys to represent him in this action and is obligated to pay them a reasonable fee for their services.  Plaintiff has retained the services of the undersigned attorneys to represent him in this action and is obligated to pay them a reasonable fee for their services. (sic)

**ANSWER:**

Defendant neither admits nor denies the allegations contained in paragraph 32 as it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, as such, leaves Plaintiff to his proofs.

33.     Moreover, as a further result of the Defendant's unlawful discriminatory-based conduct, the Plaintiff has been compelled to file this action and Plaintiff has incurred the costs of litigation.

**ANSWER:**

Denied.

Defendant denies that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause of Count I.

WHEREFORE, Defendant respectfully requests this Honorable Court enter judgment in Defendant's favor on the entirety of Plaintiff's Complaint, dismissing it with prejudice, and awarding Defendant its reasonable costs, fees, sanctions, including actual attorneys' fees so wrongfully incurred and granting such other legal and equitable relief as this Court deems just and proper.

**ALLEGED COUNT II.**

**FAILURE TO PREVENT WORKPLACE DISCRIMINATION AND HARASSMENT BASED ON PLAINTIFF'S PROTECTED CLASS IN VIOLATION OF THE FCRA**

34.     The foregoing facts are incorporated herein.

14

**ANSWER:**

Defendant hereby incorporates by reference its answers to the foregoing paragraphs including paragraphs 1-33 as if fully restated herein.

35.     Plaintiff is informed and believes and thereon alleges that, pursuant to applicable law, Defendant is prohibited from failing to take all reasonable steps necessary to prevent discrimination and harassment in the workplace.

**ANSWER:**

In Paragraph 35, Plaintiff attempts to characterize the requirements under the "applicable law," which does not require an affirmance or denial. Nevertheless, to the extent that Paragraph 35 attempts to imply that Defendant is liable under the "applicable law" and in an abundance of caution, Defendant denies the allegations in Paragraph 35.

36.     Defendant violated its duty under the FCRA by failing to take all reasonable measures to prevent their agents, employees and management from creating a hostile work environment.

**ANSWER:**

Denied.

37.     Defendant knew or should have known about the harassment as alleged herein. Defendant was advised on repeated occasions that their agents, employees, and management were engaging in conduct in violation or potentially in violation of the FCRA. Despite such knowledge, Defendant failed to take immediate and appropriate corrective action to prevent the hostile work environment as alleged herein and detailed within Plaintiff's charge of discrimination filed with the EEOC.

**ANSWER:**

Denied.

38.     As a result of Defendant's failure to take all reasonable steps to prevent discrimination and harassment in violation of the FCRA, Plaintiff has suffered and continues to suffer damages, including severe emotional and/or physical distress, the exact amount of which will be proven at trial.

**ANSWER:**

The allegations in paragraph 38 include improper legal conclusions to which no response is required.  To the extent a response is necessary, Defendant denies that Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions, and definitions provided under the FCRA and applicable case law.  Further, Defendant denies that it engaged in any unlawful actions towards Plaintiff and that Plaintiff is entitled to any damages.  Defendant denies the remaining allegations in paragraph 38.

Defendant denies that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause of Count II.

WHEREFORE, Defendant respectfully requests this Honorable Court enter judgment in Defendant's favor on the entirety of Plaintiff's Complaint, dismissing it with prejudice, and awarding Defendant its reasonable costs, fees, sanctions, including actual attorneys' fees so wrongfully incurred and granting such other legal and equitable relief as this Court deems just and proper.

## ALLEGED COUNT III.

## RETALIATION BASED ON PLAINTIFF'S PROTECTED CLASS IN VIOLATION OF THE FCRA

39.     The foregoing facts are incorporated herein.

**ANSWER:**

Defendant hereby incorporates by reference its answers to the foregoing paragraphs including paragraphs 1-38 as if fully restated herein.

40.     The Florida Civil Rights Act prohibits an employer from retaliating against an employee for engaging in protected activity under the Act.  The law prohibits and addresses employers who punish their employees for properly reporting inappropriate conduct, making the victim even worse off.

**ANSWER:**

Paragraph 40 is Plaintiff's attempt to summarize and/or characterize the FCRA and, as such, does not require an affirmance or denial.  Nevertheless, to the extent that Paragraph 40 attempts to imply that Defendant is liable under the FCRA and in an abundance of caution, Defendant denies the allegations in Paragraph 40.

41.     Plaintiff engaged in protected activity under the Act by complaining to Defendant about the disparate treatment to which Plaintiff was subjected to and speaking out against Defendant's failure to hold its own employees accountable for their discriminatory conduct that violates the FCRA.

**ANSWER:**

Denied.

42.     Upon information and belief, Defendant was aware of Plaintiff's protected activities.

**ANSWER:**

Denied.

43.     Upon information and belief, Defendant retaliated against Plaintiff for engaging in these protected activities.

**ANSWER:**

Denied.

44.     Defendant's actions have directly and proximately caused Plaintiff loss of income and other financial benefits, and have caused Plaintiff severe emotional distress, pain and suffering, embarrassment, humiliation, indignity, and damage to Plaintiff (sic) professional reputation.

**ANSWER:**

Denied.

45.     Upon information and belief, Defendant's conduct was motivated by intentional, discriminatory animus that injured Plaintiff; their conduct was willful and outrageous; and their conduct was aggravated by evil motive, actual malice, or with reckless indifference to Plaintiff's legal rights.

**ANSWER:**

Denied.

Defendant denies that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause of Count III.

WHEREFORE, Defendant respectfully requests this Honorable Court enter judgment in Defendant's favor on the entirety of Plaintiff's Complaint, dismissing it with prejudice, and awarding Defendant its reasonable costs, fees, sanctions, including actual attorneys' fees so wrongfully incurred and granting such other legal and equitable relief as this Court deems just and proper.

Dated this 26th day of October, 2020

## **AFFIRMATIVE DEFENSES**

NOW COMES Defendant, CLOUD 10 CORPORATION (hereinafter Defendant), by and through its attorneys, Brian P. Swanson of Masud Labor Law Group (*pro hac vice* application pending) and Suhaill Machado Morales of Allen Norton & Blue, P.A., and for its Affirmative Defenses state as follows:

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      There are no genuine issues of material fact, and Defendant is entitled to summary judgment as a matter of law.

3.      Plaintiff cannot establish a *prima facie* disability discrimination, disability harassment, failure to accommodate, or retaliation under the Florida Civil Rights Act.

4.      Defendant has the sole right to determine which circumstances prove to be detrimental to the operation of the company justifying any adverse employment action against Plaintiff including, but not limited to, violations of the Company's attendance policy.

5.      Plaintiff was an at-will employee.

6.      All of Defendant's actions in regard to this matter were taken for legitimate, non-discriminatory and non-retaliatory reasons that were not a pretext for unlawful discrimination or retaliation.

7.      Defendant reasonably and honestly relied on particularized legitimate, non-discriminatory and non-retaliatory reasons in making employment decisions concerning Plaintiff.

8.      Plaintiff's alleged disability was not the but for cause of any employment action made by Defendant concerning Plaintiff.

9.      Defendant granted Plaintiff's request for accommodation.

10.     There is no factually or legally sufficient direct or circumstantial evidence of any illegal discrimination, harassment, or retaliation in this case.

11.     Plaintiff has made false, baseless, and/or reckless representations of material facts regarding Defendant.  Defendant is entitled to relief and/or sanctions as a result of the frivolous nature of Plaintiff's Complaint.

12.     Plaintiff has pled conclusions of law rather than allegations of fact and, therefore, those insufficient, improper conclusory allegations should be stricken.

13.     Plaintiff has failed to exhaust his applicable administrative remedies.

14.     Discovery will show that Plaintiff has failed to make every reasonable effort to mitigate, prevent and/or reduce Plaintiff's alleged damages.

15.     Discovery will show that there was no proximate cause between the alleged actions of the Defendant and Plaintiff's alleged damages.

16.     Defendant may not be held liable for any alleged injuries or damages resulting from the effects of Plaintiff's pre-existing emotional, psychological, physical conditions or alternative current cause which may not be the result of act or omission of the Defendant.

17.     To the extent that any recovery on Plaintiff's Complaint may be either completely or substantially barred by after acquired evidence, a recovery to which Plaintiff might otherwise be entitled must be appropriately dismissed or offset.

18.     While Defendant expressly denies that any of its employees, officers, or agents acted in a manner that would violate the law, for a violation of Plaintiff's rights as alleged, any such violation occurred outside the scope of employment or agency of any such employee, officer, or agent, and without the consent of Defendant.  Defendant did not authorize, condone, ratify, or

20

tolerate such violation, and such conduct may not be attributed to Defendant through principles of agency, respondeat superior or otherwise.

19.    Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant who exercised reasonable care to prevent and/or correct harassing behavior, and Plaintiff failed to make reasonable efforts to mitigate, prevent or reduce his alleged damages or otherwise avoid the harm he alleges.

20.    The alleged actions are not sufficiently severe or pervasive to unreasonably interfere with Plaintiff's performance or to constitute a hostile work environment.

21.    Defendant reserves the right, during and upon completion of discovery, to put forth any and all affirmative defenses at a later time as they are revealed during the course of discovery.

22.    Defendant reserves the right to withdraw any of the above affirmative defenses in the event that discovery reveals one or more of the affirmative defenses may be inapplicable.

23.    Plaintiff includes claims that are outside the scope of his EEOC Charge of Discrimination.

WHEREFORE, Defendant respectfully requests this Honorable Court enter judgment in Defendant's favor on the entirety of Plaintiff's Complaint, dismissing it with prejudice, and awarding Defendant its reasonable costs, fees, sanctions, including actual attorneys' fees so wrongfully incurred and granting such other legal and equitable relief as this Court deems just and proper.

Dated this **27th day of October, 2020**.

Respectfully submitted,

/s/Suhaill M. Morales
Suhaill M. Morales
Florida Bar No. 84448
smorales@anblaw.com

21

ALLEN, NORTON & BLUE, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Telephone: (305) 445-7801
Facsimile: (305) 442-1578

MASUD LABOR LAW GROUP
BRIAN P. SWANSON (P53271)
Pro Hac Vice Pending
4449 Fashion Square Boulevard – Suite 1
Saginaw, Michigan 48603
Telephone:  (989) 792-4499
Facsimile: (989) 792-7725

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **October 27, 2020**, I electronically filed the foregoing document with the Clerk of the Court using e-Filing Portal.  I also certify that the foregoing document is being served this day on all counsel of record identified below in the manner specified, either via e-mail in accordance with Rule 2.516 or in some other authorized manner for those counsel or parties who are not authorized to receive electronic mailing.

Anthony M. Georges-Pierre, Esq.
REMER & GEORGES-PIERRE, PLLC
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Email:  agp@rgpattorneys.com

/s/Suhaill M. Morales
ATTORNEY

22

Filing # 115788618 E-Filed 10/28/2020 05:31:45 PM

IN THE CIRCUIT COURT FOR THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ALEJANDRO ALMEIDA,

     Plaintiff,

vs.                          Case No.: 2020-013936-CA-01

CLOUD 10 CORP.,

     Defendant.

_____/

## PLAINTIFF'S DENIAL OF DEFENDANT'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

The Plaintiff, Alejandro Almeida, through the undersigned counsel, hereby files a Reply and denies the AFFIRMATIVE DEFENSES set forth in Defendant's Answer to Plaintiff's Complaint and demands strict proof thereof, and as grounds in support thereof would state as follows:

1. The Defendant in its Answer filed in this matter raised Affirmative Defenses.

2. The Plaintiff enters a denial to the Affirmative Defenses raised, both factually and as a matter of law.

Wherefore, Plaintiff respectfully requests this Honorable Court deny the Affirmative Defenses answers and grant the relief requested by Plaintiff and such other relief as this Court deems reasonable and necessary.

DATED: October 28, 2020                    Respectfully submitted,

                                    By: *Anthony M. Georges-Pierre*
                                        Anthony M. Georges-Pierre, Esq.
                                        Florida Bar No.: 0533637
                                        *Attorney for Plaintiff*
                                        **REMER & GEORGES-PIERRE, PLLC**
                                        COURTHOUSE TOWER
                                        44 West Flagler Street, Suite 2200
                                        Miami, FL 33130
                                        Phone: (305) 416-5000
                                        Fax:    (305) 416-5005
                                        E-mail: agp@rgpattorneys.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via e-Mail this 28th day of October 2020 to:

Suhaill M. Morales, Esq.
smorales@anblaw.com
ALLEN, NORTON & BLUE, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Telephone: (305) 445-7801
Facsimile: (305) 442-1578


                                    By: *Anthony M. Georges-Pierre*
                                        Anthony M. Georges-Pierre, Esq.
                                        Florida Bar No.: 0533637

Filing # 119272281 E-Filed 01/08/2021 08:29:06 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL DISTRICT COURT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.: 2020-013936 CA 01

ALEJANDRO ALMEIDA

   Plaintiff,

vs.

CLOUD 10 CORP.,

   Defendant.

_____/

## DEFENDANT'S MOTION TO DEEM DEFENDANT'S
## FIRST REQUESTS FOR ADMISSION TO PLAINTIFF ADMITTED

  Defendant, Cloud 10 Corporation, (hereinafter referred to as "Cloud 10" or "Defendant"), by and through its attorneys, Allen Norton & Blue, P.A. and Masud Labor Law Group, move this Honorable Court pursuant to Florida Rule of Civil Procedure 1.370(b) to issue an Order deeming Defendant's First Requests for Admission to Plaintiff admitted. In support of this motion, Cloud 10 states as follows:

  1. On November 25, 2020, Cloud 10 served Plaintiff with, among other discovery requests, Defendant's First Requests for Admissions to Plaintiff, as shown by the Proof of Service affixed to said discovery requests. (Ex. A)

  2. Pursuant to Florida Rule of Judicial Administration 2.514 (b), Plaintiff's answers to Defendant's First Request for Admissions to Plaintiff were due December 30, 2020.

  3 Florida Rule of Civil Procedure 1.370 governs Requests for Admission. It provides, in pertinent part:

   (a) ... The matter is admitted unless the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to

the matter within 30 days after service of the request or such shorter or longer time as the court may allow....

(b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to rule 1.200 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved by it and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining an action or defense on the merits.

*PennyMac Corp. v. Labeau,* 180 So.3d 1216 (Fla. App. 3 Dist. 2015); *Clemens v. Namnum,* 233 So.3d 1146 (Fla. App. 4 Dist. 2017).

4.   To date, Plaintiff failed to answer Defendant's First Requests for Admission.

5.   Plaintiff's counsel also did not seek any extension of time from Defendant's counsel before December 30, 2020 or prior to the filing of this motion. Further, Plaintiff did not object to the form or content of the Requests for Admission either.

6.   As a result of Plaintiff's failure to timely answer Defendant's Requests for Admissions, they have been conclusively admitted pursuant to Florida Rule of Civil Procedure 1.370.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an Order:

1.   Deeming Defendant's First Requests for Admission to Plaintiff admitted; and

2.   Awarding Defendant any other relief that this Court deems to be just and equitable.

Dated this 7th day of January 2021.

ALLEN NORTON & BLUE, P.A.
Co-Counsel for Defendant

By:*/s/ Suhaill M. Morales*
SUHAILL M. MORALES (Attorney No. 88448)
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
(305)-445-7801

MASUD LABOR LAW GROUP
Attorneys for Defendant

By: */s/ Brian P. Swanson*
BRIAN P. SWANSON (MI-P53271)
Admitted *Pro Hac Vice* No: 1024110
4449 Fashion Square Boulevard – Suite 1
Saginaw, Michigan 48603
(989) 792-4499

2



November 25, 2020


Mr. Anthony M. Georges-Pierre
Attorney at Law
Remer & Georges-Pierre, PLLC
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL  33130


      RE:    Alejandro Almeida  v. Cloud 10 Corp.
              Case No:  2020-013936 CA 01


Dear Mr. Georges-Pierre:

      Enclosed please find Defendant's First Set of Interrogatories to Plaintiff, Defendant's First Request for Production of Documents to Plaintiff, Defendant's First Request for Admissions to Plaintiff and Proof of Service in the above-entitled matter.

      If you have any questions, please feel free to contact me.

              Very truly yours,

              BRIAN P. SWANSON


BPS:bb
Encs.
cc: Suhaill Morales
    Aliya Cook


                           **EXHIBIT A**

(o) 989-792-4499   |   4449 Fashion Square Blvd.  Suite 1
(f) 989-792-7725   |   Saginaw, Michigan 48603   |   www.masudlaborlaw.com

David John Masud | Kraig M. Schutter | Richard R. Vary | Brian P. Swanson | Joshua J. Leadford | David V. Bryce

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL DISTRICT COURT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.: 2020-013936 CA 01

ALEJANDRO ALMEIDA

      Plaintiff,

vs.

CLOUD 10 CORP.,

      Defendant.

_____/

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

These Interrogatories are directed to:

      ALEJANDRO ALMEIDA
      c/o Anthony M. Georges-Pierre, Esq.
      Remer & Georges Pierre, PLLC
      Attorneys for Plaintiff
      Courthouse Tower
      44 West Flagler Street, Ste. 2200
      Miami, FL  33130

Pursuant to the Florida Rules of Civil Procedure including, but not limited to, provisions of 1.280 and 1.340, Defendant requests that Plaintiff individually answer separately and fully in writing, under oath, the numbered interrogatories set forth below and serve these answers upon the undersigned counsel for Defendant within thirty (30) days of the date on which these interrogatories are served upon you.  These interrogatories are continuing and Plaintiff has a duty to timely supplement Plaintiff's answers upon the discovery of relevant supplemental information.

## INSTRUCTIONS

In answering the Interrogatories, furnish all information available to you, including information in the possession of your attorney, or his investigators, and all persons acting on your

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

behalf, and not merely such information known of your own personal knowledge. If you cannot answer the Interrogatories in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder, stating any and all efforts to obtain the information necessary to answer in full, and stating whatever information or knowledge you have concerning the unanswered portions.

In answering each individually numbered interrogatory, you should state all facts supporting the answer, including dates, times and places, the identity of each person having knowledge of those facts, and the identity of each document containing information pertaining to the subject matter of the interrogatory.

The interrogatories are continuing. You are requested to provide, by way of supplementary answers or responses thereto, such additional information as you or any other person acting on your behalf may hereafter obtain that will augment or otherwise modify your answers now given to the interrogatories and requests below. Such supplementary responses are to be served upon the undersigned within thirty (30) days after receipt of such information.

If in response to an Interrogatory you answer that the information may be derived or ascertained from other materials, such as medical or business records, then your response shall include a detailed identification of the records (including type of document, name, and page numbers) and their precise location. In addition, all such records shall be produced for inspection and copying at the time your responses to these Interrogatories are due. If such records are furnished in conjunction with other documents, then your answer shall identify the particular records that reveal the answer to the Interrogatory.

Each of your responses to each Interrogatory shall set out the interrogatory in full, and your answer shall follow and be designated as "ANSWER."

2

MASUD LABOR LAW GROUP

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

These Interrogatories are addressed to Plaintiff and Plaintiff's agents, attorneys, or auditors, or any of them.

If a claim of privilege is asserted as to any information for which identification and/or description is requested by these Interrogatories, you should: (1) identify such information or document with sufficient particularity to allow Defendants to bring this matter before the court; (2) state the nature of the privilege asserted; and (3) describe in detail the factual and legal basis for the claim of privilege.

## DEFINITIONS

For purposes of these interrogatories, the following definitions apply:

(a)     The word "document" means the original and all drafts of all written and graphic matter, however produced or reproduced, of any kind or description, whether or not sent or received, and all copies thereof which are different in any way from the original (whether by interlineations, date stamp, notation, indication of copies sent or received, or otherwise) including without limitation, any paper, book, account, photograph, blueprint, drawing, sketch, schematic, agreement, contract, memorandum, press release, circular, advertising material, correspondence, letter, telegram, telex, object, text message, Facebook message, Facebook posting or comment, report, opinion, investigation, record, transcript, hearing, meeting, study, note, notation, working paper, summary, intra-office communication, diary, chart, minutes, index sheet, computer software, check, check stub, delivery ticket, bill of lading, invoice, records or recording or summary of any telephone or other conversation, or of any interview or of any conference, or any other written, recorded, transcribed, punched, taped, filmed or videotaped graphic matter of which you have or have had possession, custody or control, or of which you have knowledge.

(b)     The definition of "document" also includes information stored in or retrievable from equipment or media that includes desktop computers or workstations, laptop, notebook and other portable computers, minicomputers or mainframes used as file servers, application servers, or electronic mail servers or home computers. Also, information or evidence in digital format or computer-generated documents stored on any media whatsoever, including e-mail and information on backup and/or archival disks, and/or tapes and all other forms of storage, whether stored on or off-line or on or off-site or in another computer facility or by a third party.

3

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

(c)     The word "person" includes natural persons, proprietorships, partnerships, firms, corporations, unincorporated associations, labor organizations, institutions, bodies, joint ventures, estates, trusts receivers, public corporations, other forms of legal entity, municipal corporations, federal, state and local governments, all departments and agencies thereof, and any other governmental agencies, political subdivisions, groups, associations or organizations, and any other group or combination acting as an entity.

(d)     The terms "identify" or "identity" means:

    (i)     With respect to a natural person, to state the full name and present or last known address and employment address of each person, his/her present or last known title or position in business affiliation, and his/her present or last known home and business telephone numbers.

    (ii)    With respect to a full corporation, to state the corporation's full name, date and state (or country, if not domestic) of incorporation, the address of its principal office, the states or counties in which it has qualified to do business and that date of its qualification in each state or county, and to identify its officers and directors;

    (iii)   With respect to a person other than a natural person or corporation, to state its proper name or designation, its principal office address and identify its managers, partners, officers, directors and agents;

    (iv)    With respect to a document, whether or not that document is presently in existence, to state the date the document bears or bore or, if undated, the date it was written;  the name and address of each person who wrote it or who participated in the writing of it;  the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed;  the name and address of each person who received a copy of the document;  a description of the document, as, for instance, "letter," "memorandum";  a detailed summary of the contents of the document;  its present location or custodian of each copy or, if unknown, its last known location or custodian, and if the document is no longer in existence or is no longer in your possession, custody or control, the disposition made of it, the reason or reasons for such disposition, and the date thereof.

(e)     When referring to a document in answer to an Interrogatory, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

(f)     The terms "Plaintiff" and "Defendant," as well as a party's full or abbreviated name, or a pronoun referring to a party, mean the party and where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

4

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

(g)     As used herein, "person" shall mean any natural person or business, legal or governmental entity or association.

(h)     The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

(i)     As used herein, "Complaint" refers to the Plaintiff's Complaint filed by you in this action and any amendments or supplements thereto.

(j)     "Describe in detail" does not mean to provide a cryptic or evasive answer. "Describe in detail" means to provide all facts, names, addresses and telephone numbers, dates, places, times, conclusions, legal bases, reasons, expectations, understandings, and other information necessary to fully answer the entire inquiry with particularity and specificity.

## INTERROGATORIES

### INTERROGATORY NO. 1

1.     State the following information about the Plaintiff:

(a)     Full name.  If ever known by any other name, state the name, the dates of use of such name and the reason for any changes of name;

(b)     Date and place of birth;

(c)     Business address or addresses, if more than one place of business, and list all other addresses at which you have conducted business during the past ten (10) years;

(d)     Educational background, including schools attended, training received, degrees and certificates earned or awarded;

(e)     Children's names, dates of birth and addresses;

(f)     State all individuals to whom Plaintiff has been married.  Specify full name as well as county and dates of marriage.  If marriage ended in divorce, please specify county in which the divorce was entered;

**ANSWER:**

### INTERROGATORY NO. 2

2.     If Plaintiff has ever been a party or witness in a lawsuit, legal proceeding, or convicted of,

5

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

or pled guilty or no contest to a crime, or filed for bankruptcy, or filed a claim for recovery of a personal injury or economic loss, state the nature and date of the lawsuit, the legal proceeding, the crime or type of bankruptcy proceeding or claim, and the name and address of the court, agency or entity where the lawsuit, legal proceeding, criminal proceeding, claim or bankruptcy proceeding occurred.

**ANSWER:**

## INTERROGATORY NO. 3

3.    If Plaintiff has ever made a charge or complaint against any employer, co-employee or other person regarding any employment concern, including the Equal Employment Opportunity Commission, the Florida Commission on Human Relations, other civil rights department, the National Labor Relations Board, or any other administrative agency or any state or federal court, state the nature and date of the charge or complaint and the name and address of the administrative agency and/or the federal or state court and any other identifying information such as parties names, case and claim number.

**ANSWER:**

## INTERROGATORY NO. 4

4.    If Plaintiff has applied for or received any benefits, money or compensation from any private or government contract, or unemployment insurance benefits, state or federal disability benefits, workers' compensation or any other benefits, public or private in the last five (5) years, state the identity of the entity Plaintiff filed a claim with, the nature of the benefit sought and the date and amount of the benefit received.

**ANSWER:**

## INTERROGATORY NO. 5

5.    If in the past five (5) years Plaintiff has attempted to secure employment, engaged in self-employment, or in any way to mitigate his alleged damages, identify the name and address

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

of the entities including the name of the person(s) contacted at each such entity where plaintiff applied for employment up to the present date and describe what action Plaintiff took to mitigate his alleged damages and the date each such action was taken.

**ANSWER:**

## INTERROGATORY NO. 6

6. Identify all damages (i.e., general damages, special or consequential damages, compensatory damages, emotional distress, back pay, front pay, or any other relevant categories) you allege to have suffered as a result of Defendant's alleged unlawful conduct, specifying each type or category of damages, and separately for each type or category state: (a) the nature of the damages; (b) the amount of damages; (c) all facts supporting or establishing the damages; and (d) in full detail, how you calculated the amount of your damages.

**ANSWER:**

## INTERROGATORY NO. 7

7. If in the past five (5) years, Plaintiff has received any health care service or been treated, examined, counseled, evaluated, or tested by a doctor, physician, health or medical practitioner, psychologist, social worker, therapist, counselor, holistic practitioner, hospital, clinic, institution, or health care provider for a physical, mental or emotional condition, state the nature of the condition, the name and address of the provider(s) and the date(s) of service.

**ANSWER:**

## INTERROGATORY NO. 8

8. Identify all persons, including their titles, addresses and telephone numbers, who have treated, examined, cared for, counseled or advised you regarding any alleged disability and/or handicap that you claim to have in the past five years.

**ANSWER:**

7

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

**INTERROGATORY NO. 9**

9.      Set forth the names and addresses of any person who Plaintiff believes has knowledge concerning the facts asserted in Plaintiff's Complaint and, as to each such person, state the specific substance of his or her knowledge and the nature of Plaintiff's relationship to each such person.

**ANSWER:**

**INTERROGATORY NO. 10**

10.     Identify and describe with specificity, including without limitation, their current location, all personal electronic communication devices, including without limitations computers, cellular devices, and tablets, used by Plaintiff from January 2018 to the present.

**ANSWER:**

**INTERROGATORY NO. 11**

11.     If Plaintiff has ever been disciplined in connection with any employment including, but not limited to, being suspended, being placed on probation, discharged, demoted or otherwise warned, whether formally or informally, or verbally or in writing, regarding work performance, infraction or violation of work rules, company policies or procedures, absenteeism, tardiness or otherwise, state the nature and date of the discipline and the name and address of the employer and what materials or documents evidence such discipline.

**ANSWER:**

**INTERROGATORY NO. 12**

12.     Are you currently working toward an educational degree, occupational qualification or training certificate?  If so, identify the name and address of the entity involved and what is necessary for you to complete your work.

**ANSWER:**

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

**INTERROGATORY NO. 13**

13.     Please identify each person whom Plaintiff expects to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**

**INTERROGATORY NO. 14**

14.     Please identify as to each person whom Plaintiff expects to call as an expert witness at trial, (1) The scope of employment in the pending case and the compensation for such service; (2) The expert's general litigation experience, including the percentage of work performed for plaintiffs and defendants; (3) The identity of other cases, within a reasonable time period, in which the expert has testified by deposition or at trial; and (4) An approximation of the portion of the expert's involvement as an expert witness, which may be based on the number of hours, percentage of hours, or percentage of earned income derived from serving as an expert witness.

**ANSWER:**

**INTERROGATRY NO. 15**

15.     Please identify the actual or perceived disability(ies) you allege had during your employment with Defendant and how the alleged disability(ies) impeded your ability to perform a major life function; state specifically which major life function was impeded and how it was impeded.

**ANSWER:**

**INTERROGATORY NO. 16**

16.     State who you advised about your alleged disability(ies) when you were hired and what accommodations you requested, as alleged in Paragraph 11 of your Complaint.

**ANSWER.**

9

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

**INTERROGATORY NO. 17**

17. Identify each fact to support your claim that you were discriminated against because of your alleged disability, as alleged in Count I of your Complaint, including any action you suffered as a result of your alleged disability, the identity of the individual who engaged in the alleged discriminatory act, the date of the act, and if there were any witnesses to the alleged act.

**ANSWER:**

**INTERROGATORY NO. 18**

18. Identify everyone worked for Defendant who had knowledge of your alleged disability, when they obtained the knowledge, how they obtained that knowledge, and what knowledge they had relating to your alleged disability and/or handicap.

**ANSWER:**

**INTERROGATORY NO. 19**

19. State each and every fact you believe supports your allegation that Defendant failed to take reasonable steps to prevent discrimination and harassment, as alleged in Count II of your Complaint, and identify how this alleged failure affected you.

**ANSWER:**

**INTERROGATORY NO. 20**

20. Identify each fact to support your claim that Defendant retaliated against you because you engaged in activities protected by law, as alleged in your Count III of your Complaint, including any action you suffered as a result of your alleged engagement in activities protected by law, the identity of the individual who retaliated against you, the date of the retaliatory act, and if there were any witnesses to the alleged retaliatory act.

**ANSWER:**

10

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

<hr>

ALEJANDRO ALMEIDA

Subscribed and sworn to before me, a notary public, this _____ day of _____, 2020.

<hr>

Notary Public
_____ County, Florida
My commission expires: _____

Dated this 25th day of November, 2020

MASUD LABOR LAW GROUP
Attorneys for Defendant
By: _____
BRIAN P. SWANSON (P53271)
Admitted *Pro Hac Vice* No: 1024110
4449 Fashion Square Boulevard – Suite 1
Saginaw, Michigan 48603
(989) 792-4499

11

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL DISTRICT COURT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.: 2020-013936 CA 01

ALEJANDRO ALMEIDA

      Plaintiff,

vs.

CLOUD 10 CORP.,

      Defendant.

_____/

### DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

These Requests for Production of Documents are directed to:

ALEJANDRO ALMEIDA
c/o Anthony M. Georges-Pierre, Esq.
Remer & Georges Pierre, PLLC
Attorneys for Plaintiff
Courthouse Tower
44 West Flagler Street, Ste. 2200
Miami, FL 33130

Pursuant to the Florida Rules of Civil Procedure including, but not limited to, provisions of 1.280 and 1.350, Defendant requests that Plaintiff individually answer separately and fully in writing, under oath, the numbered requests for production set forth below and serve these answers upon the undersigned counsel for Defendant within thirty (30) days from the date on which these requests for production are served. These discovery requests are continuing and Plaintiff has a duty to timely supplement Plaintiff's answers upon the discovery of relevant supplemental information.

### INSTRUCTIONS

In answering these Requests for Production, you are to furnish all information available to

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

you, including information in the possession of your attorney, and not merely information within your own personal knowledge.  If you cannot answer the following requests for production in full after exercising due diligence to secure the information, you are to so state and answer to the fullest extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

Please note that these requests are not intended to require production of your attorney's notes (unless they have been disclosed to a third party) or communications between you and your attorney (unless such communications have been disclosed to a third party).

In answering each individually numbered request for production, you should state all facts supporting the answer, including dates, times and places, the identity of each person having knowledge of those facts, and the identity of each document containing information pertaining to the subject matter of the request for production.

These Requests for Production are continuing and, to the extent that your answers may be enlarged, diminished or otherwise modified by information acquired by you (or any other persons on your behalf) subsequent to the filing of your initial answers, you are requested to serve promptly thereafter supplemental answers reflecting such changes.

<u>DEFINITIONS</u>

For purposes of these requests for production, the following definitions apply:

(a)     The word "document"  means the original and all drafts of all written and graphic matter, however produced or reproduced, of any kind or description, whether or not sent or received, and all copies thereof which are different in any way from the original (whether by interlineations, date stamp, notation, indication of copies sent or received, or otherwise) including without limitation, any paper, book, account, photograph, blueprint, drawing, sketch, schematic, agreement, contract, memorandum, press release, circular, advertising material, correspondence, letter, telegram, telex, object, report, opinion, investigation, record, transcript, hearing, meeting, study, note, notation, text message, Facebook message, Facebook posting or comment, working paper, summary, intra-office communication, diary, chart, minutes, index sheet, computer software, check, check stub, delivery ticket,

2

bill of lading, invoice, records or recording or summary of any telephone or other conversation, or of any interview or of any conference, or any other written, recorded, transcribed, punched, taped, filmed or videotaped graphic matter of which you have or have had possession, custody or control, or of which you have knowledge.

(b)   The definition of "document" also includes information stored in or retrievable from equipment or media that includes desktop computers or workstations, laptop, notebook and other portable computers, minicomputers or mainframes used as file servers, application servers, or electronic mail servers or home computers. Also, information or evidence in digital format or computer-generated documents stored on any media whatsoever, including e-mail and information on backup and/or archival disks, and/or tapes and all other forms of storage, whether stored on or off-line or on or off-site or in another computer facility or by a third party.

(c)   The word "person" includes natural persons, proprietorships, partnerships, firms, corporations, unincorporated associations, labor organizations, institutions, bodies, joint ventures, estates, trusts receivers, public corporations, other forms of legal entity, municipal corporations, federal, state and local governments, all departments and agencies thereof, and any other governmental agencies, political subdivisions, groups, associations or organizations, and any other group or combination acting as an entity.

(d)   The terms "identify" or "identity" mean:

    (i)    With respect to a natural person, to state the full name and present or last known address and employment address of each person, his/her present or last known title or position in business affiliation, and his/her present or last known home and business telephone numbers.

    (ii)   With respect to a full corporation, to state the corporation's full name, date and state (or country, if not domestic) of incorporation, the address of its principal office, the states or counties in which it has qualified to do business and that date of its qualification in each state or county, and to identify its officers and directors;

    (iii)  With respect to a person other than a natural person or corporation, to state its proper name or designation, its principal office address and identify its managers, partners, officers, directors and agents;

    (iv)   With respect to a document, whether or not that document is presently in existence, to state the date the document bears or bore or, if undated, the date it was written; the name and address of each person who wrote it or who participated in the writing of it;  the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed; the name and address of each person who received a copy of the document;  a description of the document, as, for instance, "letter," "memorandum"; a detailed summary of the contents of the document;  its present location or custodian of each copy or, if unknown, its last known location or custodian, and if the document is no longer in existence or is no

3

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

longer in your possession, custody or control, the disposition made of it, the reason or reasons for such disposition, and the date thereof.

(e)     If any document, material or tangible thing falling within any description contained in this Request is withheld under claim of privilege, Plaintiff is requested to provide the undersigned attorney for Defendant a written list of the withheld documents, material or tangible thing including the following information as to each such item: (1) its date; (2) the name(s) of the person(s) or other entity(ies) who drafted, authored or prepared it; (3) its title; (4) the general nature of the document (without disclosing its contents); (5) the name(s) of the person(s) or other entity(ies) to whom it was addressed; (6) the document's present location and custodian; (7) the name(s) of each person or entity to whom the item or any copy or reproduction thereof was directed, addressed, sent, delivered, mailed, given or disclosed; and (8) a statement providing the specific reasons the material, document or tangible item is withheld (*i.e.*, which privilege(s) is being claimed). As stated above, this is not intended to require production of your attorney's notes (unless they have been disclosed to a third party) or communications between you and your attorney (unless such communication has been disclosed to a third party).

## DOCUMENTS OR MATERIALS TO BE PRODUCED

All documents or material in or subject to Plaintiff's or Plaintiff's representatives' possession, custody or control that relate to the following:

### Last Year of and Subsequent Employment

1.     All documents pertaining to Plaintiff's employment or efforts by Plaintiff to seek employment for the time period of one year before and since Plaintiff's separation from Defendant to the time of Plaintiff's answering this request, including, but not limited to names and addresses of each employer; dates of employment; employment status; job title; job duties; terms and conditions of employment; employment agreements and /or contracts; tenure; rate of pay; earnings; promotions; benefits; employee handbooks; performance evaluations; discipline; reprimands; warnings; complaints or grievances; claims for time off; disability claims; injury claims; damage claims; advertisements; resumes; applications; licensing; qualifications; correspondence; references; offers of employment; and/or rejections of employment; type of

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

separation from employment; circumstances surrounding suspension, removal, resignation, termination, or other separation from employment.

## Employment with Defendant

2.      All documents and materials which in any way discuss, relate, refer or otherwise pertain to the employment of Plaintiff by Defendant, including, but not limited to documents and materials relating to advertisements, resumes, correspondence, letters of reference, notes, memoranda, application for employment, offer of employment; terms, benefits or conditions of employment; employment contracts or agreements; employee handbook; tenure of employment; wages; job status; job duties; job descriptions; any of Defendant's employment policies, rules, procedures, customs, practices, regulations; change in employment status, or duties; requests or applications for changes in employments status, or duties; changes in pay; evaluations of job performance; job assignments; promotions; transfers; requests for job assignments, promotion, placement and responses to said requests; reprimands; warnings; discipline; complaints, grievances, notes of grievance meetings or hearings or proceedings; termination from employment; pension rights and benefits; policies and procedures, and benefits statements.

3.      All documents and materials relating or referring to any internal and/or external complaint, charge, claim or grievance made by Plaintiff against Defendant or its agents or employees pertaining or relating to alleged improper conduct and/or any other matters encompassed by the Plaintiff's Complaint.

## Compensation and/or Income

4.      All documents reflecting Plaintiff's compensation and/or income for each calendar year for the past five (5) years to the present with a breakdown of compensation by amount from each employer or other source of compensation and/or income.

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

5.      The Plaintiff's Federal and State Income Tax Returns, amended returns, W-2 forms, 1099s, notices, penalties, and other documents and materials which evidence, relate, or refer to the amount and source of income earned, or received by Plaintiff for the past five (5) years to the present, including, but not limited to, monies received from self-employment, other employers, and/or the federal, state or local government, or any insurance or other forms of compensation or reimbursement.

6.      All documents, materials or tangible evidence, including, but not limited to any correspondence, claim, or payment regarding workers' compensation, unemployment compensation, sick leave, disability pay or insurance benefit, Plaintiff sought or received within the past five (5) years, including, but not limited to any application(s) for life or disability insurance.

7.      All documentation, materials or tangible evidence that relates to any claim, treatment and/or care Plaintiff has made, received or sought regarding any personal injuries including by not limited to physical, mental and/or emotional injuries or condition in the past five (5) years.

### Charges/Claims

8.      All documents and materials communicated to, or received from Plaintiff's employers or any governmental agencies, including, but not limited to the Florida Department of Economic Opportunity, Florida Commission on Human Relations, Equal Employment Opportunity Commission (EEOC), National or State Labor Departments, or any other agency, department, official, or investigator regarding Plaintiff's employment-related activities for the past five (5) years, including Plaintiff's allegations in this lawsuit, and including, but not limited to, complaints, claims, charges, determinations, decisions, forms, correspondence, applications,

6

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

questionnaires, accounts, transcripts, e-mails, recordings, agreements, contracts, proposals, memorandum of understanding, mediation, reports, or communications of whatsoever kind by, or to Plaintiff, or on Plaintiff's behalf.

### Waiver, Arbitrate or Settlement

9.     All documents relating or pertaining to any waiver, agreement or request to arbitrate, mediate, facilitate, settle or, negotiate, and/or attempted settlement of any claims, charges, complaints grievances, employment appeals, reviews encompassed by the matters alleged in Plaintiff's Complaint.

### Personal Documents

10.     All documents, correspondence, schedules, memos, notes, diaries, journals, calendars, desk pads, materials, records, recordings, statements, photographs, tapes, e-mails, payments, obligations, agreements, or appointment books created, possessed, controlled or maintained by the Plaintiff regarding Plaintiff's employment for the past five (5) years, or Plaintiff's alleged injuries or damages and Plaintiff's allegations in this lawsuit.

11.     All documents, correspondence, schedules, memos, notes, diaries, journals, calendars, desk pads, or appointment books including job applications, resumes, classified ads, job postings, or confirmation letters in any form, relating to employers or individuals with whom Plaintiff sought employment or any type of business relationship for the past five (5) years.

12.     All notes, memoranda, including personal notes, diaries, journals, electronic data, tape recordings and any other writings or recordings prepared by or in the possession of, or available to Plaintiff or Plaintiff's representative relating to, or in any way referring to, any meetings, telephone calls, or other communications between Plaintiff and Defendant that supports the allegations in Plaintiff's Complaint.

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

## Other Complaints, Grievances, Charges

13.     All documents relating to any other lawsuit filed by Plaintiff, or filed by others on Plaintiff's behalf, or any complaints, charges, grievances made by Plaintiff or on Plaintiff's behalf against any person or entity.

## Statements

14.     Any statements, recordings, electronic data, visual images, and/or communications made to, or received from any witness, employee or former employee of Defendant who may be a witness that supports any of the allegations made in Plaintiff's Complaint.

15.     Any statements, documents, recordings, electronic data, visual images, notes, materials, and/or communications obtained by or supplied to Plaintiff or Plaintiff's representative by any employee, former employee, agent or representative of Defendant that supports the allegations in Plaintiff's Complaint.

16.     All documents, materials, electronic data or communications that relate to, refer to, or otherwise concern any alleged admission or declarations against Defendant's interest that Plaintiff alleges Defendant or Defendant's employees, former employees, agents or representatives made in connection with the claims asserted in the Plaintiff's Complaint.

17.     Any recorded statement, declaration or affidavit received, or obtained by Plaintiff or Plaintiff's representative from any individual concerning any claim Plaintiff has asserted or intends to assert in this lawsuit, including any alleged statement made by Defendant or Defendant's employees, former employees, agents or representatives.

## Authorizations

18.     With regard to any record, document or material referred to in the preceding paragraphs which are in existence but are not physically in the possession of the Plaintiff or

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

Plaintiff's agent, but which are subject to Plaintiff's or his agent's control, the Defendant requests that the Plaintiff execute and provide to Defendant's counsel the attached authorizations to allow the Defendant to obtain and examine copies of said record, document or material, including:

    a.    Produce executed *Authorizations for Release of Medical Health Records* attached hereto as Exhibit A.

    b.    Produce executed *Authorizations for Release of Employment Records* attached hereto as Exhibit B.

    c.    Produce executed *Authorizations for Release of Educational and Training Records* attached hereto as Exhibit C.

    d.    Produce executed *Authorization to Obtain Copy of Social Security Administration Records* attached hereto as Exhibit D.

### Alleged Injuries and/or Damages

19.    Any documentation, materials or tangible evidence that Plaintiff believes will support Plaintiff's claim for non-economic or mental or emotional damages, including any documentation, materials charts, calculations or tangible evidence establishing how Plaintiff calculates each item of alleged damage that Plaintiff claims.

20.    Any documentation, materials or tangible evidence that Plaintiff believes will support Plaintiff's claim for economic damages, including any documentation, materials, charts, calculations, or tangible evidence establishing how Plaintiff calculates each item of alleged damage that Plaintiff claims.

21.    To the extent Plaintiff is claiming any physical, mental, non-economic, emotional distress, and/or emotional damages, all documents and/or materials communicating and/or reporting any medical and/or psychological diagnosis, consultation, test, analysis, or treatment Plaintiff has sought or received, with or from any physician, physical therapist, nurse, psychologist, psychiatrist, social worker, priest, rabbi, counselor, or health-care provider, for the

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

past ten (10) years to the present, including, but not limited to, records of visits, notes for time off, or to return to work, bills for services, bills incurred, treatment records, history, complaint or amended complaint, symptoms, reports, recommendations, diagnoses, test results, analysis, screening, recommendation, referral, correspondence, claim, benefits, records or hospitalizations or institutionalization, prescriptions, payments, claims, insurance applications, approval, and/or denial.

22.     To the extent Plaintiff is seeking attorneys' fees or costs, all documentation, materials, calculations, and/or tangible evidence that supports Plaintiff's claim for attorneys' fees and/or costs including, but not limited to, any retention agreement and bills for attorney services provided or costs incurred.

23.     To the extent Plaintiff is seeking punitive or exemplary damages, all documentation, materials, calculations, and/or tangible evidence that supports Plaintiff's claim.

24.     To the extent Plaintiff is seeking liquidated or statutory damages, all documentation, materials, calculations, and/or tangible evidence that supports Plaintiff's claim.

25.     To the extent Plaintiff is seeking equitable relief, all documentation, materials or tangible evidence that supports Plaintiff's claim.

### Plaintiff's Complaint

26.     All documentation, materials or tangible evidence that supports the allegations stated in Plaintiff's Complaint.

27.     All documents that support your allegation that you had a disability as alleged in your Complaint, including any diagnosis, medical restrictions, and documentation showing how your alleged disability(ies) impeded your ability to perform any major life activity.

MASUD LABOR LAW GROUP

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

28.    All documents which support your claim that you engaged in protected activity under the law.

### Expert

29.    A current resume or curriculum vitae for each expert Plaintiff intends to call as a witness or that has rendered an opinion regarding the issues in this lawsuit.

30.    All documents, including, but not limited to, expert reports prepared by, for, or relied upon by any expert Plaintiff intends to call as a witness, or that Plaintiff identified in the responses to these Defendant's discovery requests concerning the facts and opinions to which the expert is expected to testify.

### Mitigation

### Seeking Subsequent Employment

31.    All documents, materials or tangible evidence that shows what, if any, actions, or attempts Plaintiff has made to become employed or to otherwise mitigate damages since Plaintiff left employment with Defendant including but not limited to, any job search websites such as hotjobs.com, careerbuilder.com, indeed.com, monster.com, job.com, and salesjobhunter.com, or any similar job search site.

32.    All documents, materials or tangible evidence, including, but not limited to any resume or application Plaintiff has used to seek employment after leaving Defendant's employment.

33.    All documents, materials or tangible evidence communicated by Plaintiff or on Plaintiff's behalf to any prospective employer or received from any prospective employer relating to efforts by Plaintiff to obtain employment from 2016 to present.

MASUD LABOR LAW GROUP

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

## Exhibits

34.     All documents and/or materials that Plaintiff intends to identify or introduce into evidence or to which Plaintiff intends to refer to at deposition, or trial in this matter.

35.     All documentation, materials or tangible evidence that supports the allegations in Plaintiff's Complaint that Defendant's conduct was allegedly illegal and/or allegedly caused Plaintiff injury or damages.

36.     All documentation, materials or tangible evidence that Plaintiff will attempt to introduce into evidence in support of Plaintiff's Complaint allegations.

## Property

37.     All documents, materials, property, tangible evidence, data, e-mail, computer entries, and/or computer files or copies of the items described that Plaintiff removed, caused to be removed, copied, or transferred from Defendant's premises, files, systems, or property in the one (1) year before Plaintiff was terminated to present.

## Social Media

38.     For each of Plaintiff's Facebook accounts and any other social media account of Plaintiff, produce Plaintiff's account data for the period of January 1, 2017, through present. Plaintiff may download and print Plaintiff's Facebook data by logging onto Plaintiff's Facebook account, selecting "Settings" under the "down arrow" on Plaintiff's homepage (top bar 5th symbol after the word "create"), clicking on the "your Facebook information" tab on the left hand margin, clicking on the "view" link beside the "Download Your Information" tab, and following the directions on the "Download Your Information" page.

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

39.     Produce the materials, documents, and tangible evidence regarding Plaintiff's communications on networking sites in the past three (3) years to present that relate Plaintiff's activities involving the following:

a)  employment and/or loss of the ability to work;
b)  wages and/or benefits;
c)  finances and/or financial distress;
d)  depression;
e)  Plaintiff's daily activities;
f)  career opportunities;
g)  earnings;
h)  earning capacity;
i)  reputation;
j)  emotional distress;
k)  mental condition;
l)  Defendant;
m)  physical distress;
n)  harassment;
o)  embarrassment;
p)  physical manifestation of problems;
q)  vacations;
r)  hobbies;
s)  events related to your lawsuit allegations;
t)  Plaintiff's lawsuit;
u)  communication(s) with a witness or party in Plaintiff's lawsuit.

Dated this 25th day of November, 2020

MASUD LABOR LAW GROUP
Attorneys for Defendant

By: Brian P Swanson

BRIAN P. SWANSON (P53271)
Admitted *Pro Hac Vice* No: 1024110
4449 Fashion Square Boulevard – Suite 1
Saginaw, Michigan 48603
(989) 792-4499

13

## EXHIBIT A

**Authorization Form**
**For Use and Disclosure of Protected Health Information**

TO:

RE:    ALEJANDRO ALMEIDA
       DOB:

      I hereby authorize you to disclose to Masud Labor Law Group, Attorneys at Law, 4449 Fashion Square Boulevard, Suite 1, Saginaw, MI 48603, (989) 792-4499 or their authorized agents any and all information related to my medical, physical or mental and/or health condition, Family Medical Leave Act and requests for accommodations, including records, reports of examinations, tests, histories, past, present and future and opinions concerning my past, present or future physical or mental condition and any treatment rendered at any time including alcohol and drug records protected under the regulations in Code 42 of Federal Regulations, Part 2, information about communicable diseases and serious communicable diseases and infections, as defined by statute and Michigan Department of Public Health Rules (which includes venereal disease, human immunodeficiency virus "HIV", acquired immunodeficiency syndrome "AIDS") and copy any and all documents, billings, x-rays, or data in any form whatsoever that may be requested by them.

      I understand that I have the right to revoke this authorization at any time by notifying Brian P. Swanson and/or the law firm of Masud Labor Law Group, in writing at 4449 Fashion Square Blvd., Suite 1, Saginaw, Michigan 48603.  I understand that the revocation is only effective after it is received.  I understand that any use or disclosure made prior to the revocation under this authorization will not be affected by my revocation.

      I understand that after this information is disclosed, federal law might not protect it and the recipient might re-disclose it.

      I understand that any covered entity who requires this authorization may not condition treatment, payment, enrollment or eligibility for benefits on whether I have signed the authorization.

      I understand that I am entitled to receive a copy of this authorization.

      I understand that this authorization will expire on November 30, 2021.

      I authorize a copy of this to be valid and serve as an original.

**Authorizing Individual's Signature:**

_____**Date:**_____

**EXHIBIT B**

## AUTHORIZATION FOR RELEASE OF EMPLOYMENT
## RECORDS AND REQUEST TO MAINTAIN CONFIDENTIALITY

EMPLOYER'S NAME:

RE:     ALEJANDRO ALMEIDA
        DOB:

      This will authorize you to allow any attorney, employee or representative of the law firm of Masud Labor Law Group to inspect, examine and obtain copies of any and all records concerning my employment, including my application, confidential records such as letters of recommendation, pre-hire investigation reports, any disciplinary warnings and full information concerning my earnings, wage history and fringe benefits.  Personnel records should also include any record kept by you that identifies with me, to the extent that the record is used or has been used, or may affect or be used relative to my qualifications for employment, promotion, transfer, additional compensation or disciplinary action.

      You are kindly requested to cooperate with Masud Labor Law Group.  Otherwise, please continue to maintain the confidentiality of my employment files and do not release any portion of such records or any information therefrom, to any other person or party without first receiving my written permission.

Dated: _____

_____
Alejandro Almeida

BRIAN P. SWANSON (P53271)
Masud Labor Law Group
Attorneys for Defendant
4449 Fashion Square Blvd., Suite 1
Saginaw, Michigan 48603
(989) 792-4499

**EXHIBIT C**

**FERPA CONSENT TO RELEASE STUDENT INFORMATION**

TO: _____

(Name of University Official and Department)

Please provide information from the educational records of:  Alejandro Almeida

to:     Masud Labor Law Group

The only type of information that is to be released under this consent is:

_____ transcript

_____ disciplinary records

_____ recommendations for employment or admission to other schools

__x___ all records

_____ other (specify) _____

The information is to be released for the following purpose:

_____ family communications about university experience

_____ employment

_____ admission to an educational institution

_____ other (specify)_____

        I understand the information may be released orally or in the form of copies of written records, as preferred by the requester.  I have a right to inspect any written records released pursuant to this Consent (except for parents' financial records and certain letters of recommendation for which the student waived inspection rights).  I understand I may revoke this Consent prospectively.

                    Name (print):  Alejandro Almeida


                    Signature_____

                    Student ID Number_____


                    Date_____

**EXHIBIT D**

Social Security Administration
**Consent for Release of Information**

Form Approved
OMB No. 0960-0566

Instructions for Using this Form

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor child, you may complete this form to release only the minor's non-medical records. We may charge a fee for providing information unrelated to the administration of a program under the Social Security Act.

**NOTE:** Do not use this form to:

• Request release of medical records on behalf of a minor child. Instead, visit your local Social Security office or call our toll-free number, 1-800-772-1213 (TTY-1-800-325-0778), or

• Request detailed information about your earnings or employment history. Instead, complete and mail form SSA-7050-F4. You can obtain SSA-7050-F4 from your local Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

How to Complete this Form

We will not honor this form unless all required fields are completed. An asterisk (*) indicates a required field. Also, we will not honor blanket requests for "any and all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form. We may charge a fee to release information for non-program purposes.

• Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the requested information pertains.

• Fill in the name and address of the person or organization where you want us to send the requested information.

• Specify the reason you want us to release the information.

• Check the box next to the type(s) of information you want us to release including the date ranges, where applicable.

• You, the parent or the legal guardian acting on behalf of a minor child or legally incompetent adult, must sign and date this form and provide a daytime phone number.

• If you are not the individual to whom the requested information pertains, state your relationship to that person. We may require proof of relationship.

**PRIVACY ACT STATEMENT**

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form. We will use the information you provide to respond to your request for access to the records we maintain about you or to process your request to release your records to a third party. You do not have to provide the requested information. Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent. We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, the Privacy Act (5 U.S.C. § 552a(b)) permits us to disclose the information you provide on this form in accordance with approved routine uses, which include but are not limited to the following:

1. To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and or coverage;
2. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level;
3. To comply with Federal laws requiring the disclosure of the information from our records; and,
4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer. Computer matching programs compare our records with those of other Federal, State, or local government agencies. We use information from these matching programs to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of incorrect payments or overpayments under these programs. Additional information regarding this form, routine uses of information, and other Social Security programs is available on our Internet website, www.socialsecurity.gov, or at your local Social Security office.

**PAPERWORK REDUCTION ACT STATEMENT**

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. **SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at** www.socialsecurity.gov**. Offices are also listed under U.S. Government agencies in your telephone directory or you may call 1-800-772-1213 (TYY 1-800-325-0778).** You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. *Send only comments relating to our time estimate to this address, not the completed form.*

**Form SSA-3288** (07-2013) EF (07-2013) Destroy Prior Editions

Social Security Administration

**Consent for Release of Information**

Form Approved
OMB No. 0960-0566

You must complete all required fields.  We will not honor your request unless all required fields are completed.  (*signifies a required field).

**TO:  Social Security Administration**

_____        _____        _____
       **\*My Full Name**                         **\*My Date of Birth**               **\*My Social Security Number**
                                             **(MM/DD/YYYY)**

I authorize the Social Security Administration to release information or records about me to:

**\*NAME OF PERSON OR ORGANIZATION:**          **\*ADDRESS OF PERSON OR ORGANIZATION:**

_____          _____

_____          _____

**\*I want this information released because:**  _____
We may charge a fee to release information for non-program purposes.

_____

_____

**\*Please release the following information selected from the list below:**

You must specify the records you are requesting by checking at least one box.  We will not honor a request for "any and all records" or "my entire file."  Also, we will not disclose records unless you include the applicable date ranges where requested.

1. ☐ Social Security Number
2. ☐ Current monthly Social Security benefit amount
3. ☐ Current monthly Supplemental Security Income payment amount
4. ☐ My benefit or payment amounts from date _____ to date _____
5. ☐ My Medicare entitlement from date _____ to date _____
6. ☐ Medical records from my claims folder(s) from date_____ to date_____

   If you want us to release a minor child's medical records, do not use this form.  Instead, contact your local Social Security office.
7. ☐ Complete medical records from my claims folder(s)
8. ☐ Other record(s) from my file **(you must specify the records you are requesting, e.g., doctor report, application, determination or questionnaire)**

_____

_____

**I am the individual, to whom the requested information or record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult.  I declare under penalty of perjury (28 CFR § 16.41(d)(2004)) that I have examined all the information on this form, and any accompanying statements or forms, and it is true and correct to the best of my knowledge.  I understand that anyone who knowingly or willfully seeks or obtain access to records about another person under false pretenses is punishable by a fine of up to $5,000.  I also understand that I must pay all applicable fees for requesting information for a non-program-related purpose.**

**\*Signature:** _____        **\*Date:** _____

**\*Address:** _____

Relationship (if not the subject of the record): _____        **\*Daytime Phone:** _____

Witnesses must sign this form ONLY if the above signature is by mark (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1.Signature of witness | 2.Signature of witness |
|---|---|
| Address(Number and street,City,State, and Zip Code) | Address(Number and street,City,State, and Zip Code) |

Form SSA-3288 (07-2013) EF (07-2013)

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL DISTRICT COURT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.: 2020-013936 CA 01

ALEJANDRO ALMEIDA

      Plaintiff,

vs.

CLOUD 10 CORP.,

      Defendant.

_____/

## DEFENDANT'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF

These Requests for Admissions are directed to:

      ALEJANDRO ALMEIDA
      c/o Anthony M. Georges-Pierre, Esq.
      Remer & Georges Pierre, PLLC
      Attorneys for Plaintiff
      Courthouse Tower
      44 West Flagler Street, Ste. 2200
      Miami, FL  33130

Pursuant to the Florida Rules of Civil Procedure including, but not limited to, provisions

of 1.280 and 1.370, Defendant requests that Plaintiff admit or deny each of the following:

1.     Plaintiff is seeking damages in excess of Seventy-Five Thousand Dollars

($75,000.00) exclusive of interest and costs in this case.

**ANSWER:**

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

2.      Plaintiff is a citizen of the State of Florida.

**ANSWER:**

3.      Cloud 10 Corporation is incorporated in the State of Colorado.

**ANSWER:**

4.      Cloud 10 Corporation's principal place of business is in the State of Colorado.

**ANSWER:**

5.      Plaintiff was employed by Defendant as an At-Home Agent.

**ANSWER:**

6.      Plaintiff was at at-will employee during his employment with Defendant.

**ANSWER:**

7.      Plaintiff was subject to Defendant's USA Attendance Policy during his employment with Defendant.

**ANSWER:**

8.      Plaintiff was late to work on August 27, 2019.

**ANSWER:**

9.      Plaintiff was late to work on September 4, 2019.

**ANSWER:**

2

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

10.     Plaintiff failed to work on September 29, 2019.

**ANSWER:**

11.     On September 30, 2019, Plaintiff left work at 12:29 p.m. and was absent for the remainder of his shift.

**ANSWER:**

12.     On October 3, 2019, Plaintiff requested a part-time schedule for school.

**ANSWER:**

13.     Defendant denied Plaintiff's request for a part-time schedule for school.

**ANSWER:**

14.     The same day that Defendant denied Plaintiff's request for a part-time schedule for school, Plaintiff submitted an online form requesting an Americans with Disabilities Act ("ADA") accommodation.

**ANSWER:**

15.     On October 4, 2019, Plaintiff did not report for work.

**ANSWER:**

16.     On October 4, 2019, Defendant's Human Resources Leave Team e-mailed Plaintiff and stated in relevant part:

We have received a request for you, for ADA paperwork for a reasonable accommodation due to a medical condition. For an accommodation and to begin the interactive process under the ADA and EEOC, we require the attached paperwork to be filled out by your doctor and sent back to us so we can begin the process to find a reasonable accommodation for you.

3

During this time, you are still expected to be present for each shift in its entirety while we confirm that you are eligible under the ADA for a reasonable accommodation and define what that accommodation will be. Additionally, unless specifically stated in the paperwork, we do not retroactively change any points accrued, accommodations are on a "going forward" basis.

**Please note that during this time, you are still expected to be present for each shift in its entirety until we have an opportunity to review and approve your completed paperwork.**

This paperwork is due back to me by **10/21/2019** and can be either emailed to this address or faxed to 720-535-3086. If we do not receive it, we will not be able to provide an accommodation for you.

**ANSWER:**

17.  On October 6, 2019, Plaintiff went missing in action during his workday.

**ANSWER:**

18.  On October 6, 2019, Defendant e-mailed Plaintiff, and stated in relevant part:

You have been MIA – missing from your shift since 119p central. I tried calling you, got no answer and left a vm [voicemail]. I need to hear back from you by 500p central today regarding the nature of your absence.

**ANSWER:**

19.  On October 7, 2019, Plaintiff submitted a doctor's note from Dr. Antonio Tauler to Defendant which suggested the following as a "reasonable accommodation" to reduce Plaintiff's stress and mitigate Plaintiff's rapid mood changes:

A modified work schedule in which [Almeida] would work less hours, preferably no more than 20 hours a week and less than 7 hours a day.

**ANSWER:**

4

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

20.    On October 15, 2019, Defendant's Human Resources Leave Team e-mailed Plaintiff and stated in relevant part:

> Thank you for the paperwork. We can approve you to work part time at 20 hours per week. we will set up a schedule of 5 hours per day 4 days per week.

**ANSWER:**

21.    Defendant counseled Plaintiff for his poor attendance before Plaintiff submitted his request for an accommodation from Dr. Tauler.

**ANSWER:**

22.    Defendant counseled Plaintiff for his poor attendance after Plaintiff submitted his request for an accommodation from Dr. Tauler.

**ANSWER:**

23.    Plaintiff was absent from work on October 24, 2019.

**ANSWER:**

24.    Almeida's absence from work on October 24, 2019, put him over seven (7) points pursuant to Defendant's Absenteeism Policy, which results in termination.

**ANSWER:**

25.    On October 28, 2019, Defendant e-mailed Almeida and told him that he was being terminated.

**ANSWER:**

5

26.    At the time of his termination, Plaintiff had only worked 23.25 hours from September 29, 2019, to October 28, 2019.

**ANSWER:**

Dated this 25th day of November, 2020

MASUD LABOR LAW GROUP
Attorneys for Defendant

By:_____
BRIAN P. SWANSON (P53271)
Admitted *Pro Hac Vice* No: 1024110
4449 Fashion Square Boulevard – Suite 1
Saginaw, Michigan 48603
(989) 792-4499

6

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL DISTRICT COURT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.: 2020-013936 CA 01

ALEJANDRO ALMEIDA,

       Plaintiff,

vs.

CLOUD 10 CORP.,

       Defendant.

_____/

REMER & GEORGES PIERRE, PLLC
ANTHONY M. GEORGES-PIERRE, ESQ. (Attorney No. 0533637)
Attorneys for Plaintiff
Courthouse Tower
44 West Flagler Street, Ste. 2200
Miami, FL 33130
agp@rgpattorneys.com

ALLEN NORTON & BLUE, P.A.                          MASUD LABOR LAW GROUP
SUHAILL M. MORALES (Attorney No. 88448)            BRIAN P. SWANSON (P53271)
Attorneys for Defendant                            Attorneys for Defendant
121 Majorca Avenue, Suite 300                      Admitted *Pro Hac Vice* No: 1024110
Coral Gables, Florida 33134                        4449 Fashion Square Boulevard – Suite 1
(305)-445-7801                                     Saginaw, Michigan 48603
smorales@anblaw.com                                (989) 792-4499
                                                   bswanson@masudlaborlaw.com

### PROOF OF SERVICE

The undersigned certifies that Defendant's First Set of Interrogatories to Plaintiff, Defendant's First Request for Production of Documents to Plaintiff, Defendant's First Requests for Admission to Plaintiff and Proof of Service were served upon Plaintiff's counsel, Anthony M. Georges-Pierre, via U.S. First Class Mail, addressed to Mr. Anthony M. Georges-Pierre, Attorney at Law, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, FL 33130, on this 25th day of November, 2020.

Beth A. Bauer

Filing # 119461999 E-Filed 01/12/2021 11:33:28 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL DISTRICT COURT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.: 2020-013936 CA 01

ALEJANDRO ALMEIDA

      Plaintiff,

vs.

CLOUD 10 CORP.,

      Defendant.

_____/

## NOTICE OF WITHDRAWAL OF DEFENDANT'S MOTION TO DEEM DEFENDANT'S FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFF ADMITTED

Defendant, Cloud 10 Corporation, by and through its counsel, hereby withdraws its Motion

to Deem Defendant's First Requests for Admissions to Plaintiff Admitted filed on January 7, 2021.

ALLEN NORTON & BLUE, P.A.
Co-Counsel for Defendant

By:/s/ Suhaill M. Morales
SUHAILL M. MORALES (Attorney No. 88448)
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
(305)-445-7801

MASUD LABOR LAW GROUP
Attorneys for Defendant

By: /s/ Brian P. Swanson
BRIAN P. SWANSON (MI-P53271)
Admitted *Pro Hac Vice* No: 1024110
4449 Fashion Square Boulevard – Suite 1
Saginaw, Michigan 48603
(989) 792-4499

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on <u>January 12, 2021</u>, I electronically filed the foregoing document with the Clerk of the Court using e-Filing Portal. I also certify that the foregoing document is being served this day on all counsel of record identified below in the manner specified, either via e-mail in accordance with Rule 2.516 or in some other authorized manner for those counsel or parties who are not authorized to receive electronic mailing.

Anthony M. Georges-Pierre, Esq.
Max Horowitz, Esq.
REMER & GEORGES-PIERRE, PLLC
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Email: agp@rgpattorneys.com

/s/Suhaill M. Morales
ATTORNEY

2

Filing # 119475576 E-Filed 01/12/2021 01:18:21 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL DISTRICT COURT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.: 2020-013936 CA 01

ALEJANDRO ALMEIDA,

      Plaintiff,

vs.

CLOUD 10 CORP.,

      Defendant.

_____/

REMER & GEORGES PIERRE, PLLC
ANTHONY M. GEORGES-PIERRE, ESQ. (Attorney No. 0533637)
Attorneys for Plaintiff
Courthouse Tower
44 West Flagler Street, Ste. 2200
Miami, FL 33130
agp@rgpattorneys.com

| | |
|---|---|
| ALLEN NORTON & BLUE, P.A. | MASUD LABOR LAW GROUP |
| SUHAILL M. MORALES (Attorney No. 88448) | BRIAN P. SWANSON (P53271) |
| Attorneys for Defendant | Attorneys for Defendant |
| 121 Majorca Avenue, Suite 300 | Admitted *Pro Hac Vice* No: 1024110 |
| Coral Gables, Florida 33134 | 4449 Fashion Square Boulevard – Suite 1 |
| (305)-445-7801 | Saginaw, Michigan 48603 |
| smorales@anblaw.com | (989) 792-4499 |
| | bswanson@masudlaborlaw.com |

## <u>ENTRY OF APPEARANCE OF BRIAN P. SWANSON</u>

    MASUD LABOR LAW GROUP, by BRIAN P. SWANSON, hereby enters

its appearance as attorneys for the Defendant, CLOUD 10 CORP. and hereby

MASUD LABOR LAW GROUP

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

demands that a copy of all pleadings subsequent to the Complaint herein be served

upon them at their offices located at the address provided above.

Dated:  January 12, 2021                    s/BRIAN P. SWANSON
                                            Admitted *Pro Hac Vice* No: 1024110
                                            4449 Fashion Square Blvd., Suite 1
                                            Saginaw, Michigan  48603
                                            (989) 792-4499
                                            bswanson@masudlaborlaw.com
                                            P53271

2

**MASUD LABOR LAW GROUP**

4449 Fashion Square Boulevard, Suite 1 | Saginaw, Michigan 48603 | p (989) 792-4499 | f (989) 792-7725 | www.masudlaborlaw.com

Filing # 119483347 E-Filed 01/12/2021 02:18:56 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL DISTRICT COURT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.: 2020-013936 CA 01

ALEJANDRO ALMEIDA

      Plaintiff,

vs.

CLOUD 10 CORP.,

      Defendant.

_____/

## DEFENDANT'S NOTICE OF SERVING
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

      Defendant, CLOUD 10 CORPORATION (hereinafter Defendant), by and through its

attorneys, hereby gives notice of the service upon Plaintiff, ALEJANDRO ALMEIDA, via e-mail

of Defendant's First Set of Interrogatories to Plaintiff pursuant to Rule 1.340, Florida Rules of

Civil Procedure.

ALLEN NORTON & BLUE, P.A.
Co-Counsel for Defendant

By:/s/ Suhaill M. Morales
SUHAILL M. MORALES (Attorney No. 88448)
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
(305)-445-7801

MASUD LABOR LAW GROUP
Attorneys for Defendant

By: /s/ Brian P. Swanson
BRIAN P. SWANSON (MI-P53271)
Admitted *Pro Hac Vice* No: 1024110
4449 Fashion Square Boulevard – Suite 1
Saginaw, Michigan 48603
(989) 792-4499

SPDN-868764429-2845177

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on <u>January 12, 2021</u>, I electronically filed the foregoing document with the Clerk of the Court using e-Filing Portal. I also certify that the foregoing document is being served this day on all counsel of record identified below in the manner specified, either via e-mail in accordance with Rule 2.516 or in some other authorized manner for those counsel or parties who are not authorized to receive electronic mailing.

Anthony M. Georges-Pierre, Esq.
REMER & GEORGES-PIERRE, PLLC
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Email: agp@rgpattorneys.com

                                <u>/s/Suhaill M. Morales</u>
                                ATTORNEY

Filing # 119491131 E-Filed 01/12/2021 03:10:06 PM

IN THE CIRCUIT COURT FOR THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ALEJANDRO ALMEIDA,

        Plaintiff,

vs.                         Case No.: 2020-013936-CA-01

CLOUD 10 CORP.,

        Defendant.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
### TO DEFENDANT CLOUD 10 CORP.

Plaintiff, Alejandro Almeida, propounds the following Request for Production pursuant to the Florida Rules of Civil Procedure, and requests that Defendant, Cloud 10 Corp., produce the requested documents below to Plaintiff according to the Florida Rules of Civil Procedure.

### DEFINITIONS

For purposes of this Request for Production:

1.      "Plaintiff" refers to Alejandro Almeida.

2.      "Defendant(s)," "you," and "your" refer to the Defendant, Cloud 10 Corp..

3.      "Documents" shall include correspondence, letters, contracts, agreements, pamphlets, photographs, telegrams, mail-grams, memoranda, including interoffice and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations, and including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations, booklets, books, drawings, graphs, telephone records, video cassettes, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained. Copies of documents which are not identical duplications of the originals or which contain additions to or deletions from the originals, or copies of documents which are identical duplications of the originals if the originals are not available, shall be considered to be separate documents.

4.      "Related to" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter inquired of.

5.      The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any responses to requests for production which might otherwise be construed to be outside the scope hereof.

## REQUESTS

1.   All Documents that you reviewed, regardless of whether ultimately relied upon, for the Answer and Affirmative Defenses to respond to the allegations in the Complaint.

2.   All Documents which relate or refer to any agreements between Defendant and any third parties concerning Defendant or the subject matter of this action.

3.   All Documents evidencing the agreement between Defendant and its lawyer(s) for payment of Defendant's lawyer's fees, costs and disbursements in connection with this Action.

4.   Any and all insurance policies that may cover plaintiff's claims.

5.   Any agreement under which Defendant and any insurance carrier may be liable to satisfy in whole or in whole or in part a judgment that may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.  Include the identity of the carrier and the nature and limits of the coverage.

6.   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the case at bar.

7.   Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the case at bar.

8.   Verification of the policy limits for liability benefits, medical payments and any "umbrella" or excess benefits, including a copy of the policy, including applicable policy declarations page Defendant has regarding Plaintiff's claims in the case at bar.

9. As it relates to this case, the entire claims and investigation file or files including but not limited to daily activity sheets, diary sheets, and status sheets of any insurance adjuster and/or risk employee/manager, internal memoranda regarding this claim created, sent and/or received by any insurance adjuster or other adjuster, risk employee/manager and/or by the Defendant(s) or an agent/employee of the Defendant(s), communications to and from all insurance carriers, parties, Defendant(s), or potential parties, request(s) for investigation, and/or reports/findings of investigators, both in-house and/or independent and/or all insurance policies of the Defendant(s), excluding references to mental impressions, conclusions, or opinions representing the value or merit of the claim or defense or respecting strategy or tactics and privileged communications from counsel.

10. Any and all documents or other tangible materials of any nature whatsoever which you plan to have marked for identification at a deposition or trial, introduce into evidence at a deposition or trial, or about which you plan to question a witness at a deposition or trial.

11. All legal representation contract/retainer agreements between defendant and their attorneys in the case at bar.

This request is deemed to be continuing insofar as if any of the above is secured subsequent to the date herein for the production of same, said documents, photographs, statements, reports, etc., are to be provided to Plaintiff's counsel within thirty (30) days of receipt of same.

DATED: January 12, 2021                    Respectfully submitted,

                                           By: *Anthony M. Georges-Pierre*
                                               Anthony M. Georges-Pierre, Esq.
                                               Florida Bar No.: 0533637
                                               *Attorney for Plaintiff*
                                               **REMER & GEORGES-PIERRE, PLLC**
                                               COURTHOUSE TOWER
                                               44 West Flagler Street, Suite 2200
                                               Miami, FL 33130
                                               Phone: (305) 416-5000
                                               Fax:    (305) 416-5005
                                               E-mail: agp@rgpattorneys.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via e-Mail this 12th day of January 2021 to:

Suhaill M. Morales, Esq.
smorales@anblaw.com
ALLEN, NORTON & BLUE, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Telephone: (305) 445-7801
Facsimile: (305) 442-1578

                                           By: *Anthony M. Georges-Pierre*
                                               Anthony M. Georges-Pierre, Esq.
                                               Florida Bar No.: 0533637

Filing # 119503949 E-Filed 01/12/2021 04:31:19 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL DISTRICT COURT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.: 2020-013936 CA 01

ALEJANDRO ALMEIDA

      Plaintiff,

vs.

CLOUD 10 CORP.,

      Defendant.

_____/

## DEFENDANT'S NOTICE OF EMAIL DESIGNATIONS

Defendant, CLOUD 10 CORPORATION (hereinafter Defendant), by and through its attorneys and pursuant to Florida Rules of Civil Procedure 1.080 and Rule 2.516(b)(1)(A), Florida Rules of Judicial Administration, hereby files this Notice of Designation of E-Mail Addresses for Service of Court Documents, and designates the following e-mail addresses to be used for service of court papers in this action:

| **Primary Email Addresses:** | **Secondary Email Addresses:** |
|---|---|
| smorales@anblaw.com | asalgado@anblaw.com |
| sreardon@anblaw.com | |
| bswanson@masudlaborlaw.com | |
| | beth@masudlaborlaw.com |

ALLEN NORTON & BLUE, P.A.
Co-Counsel for Defendant

By:/s/ Suhaill M. Morales
SUHAILL M. MORALES (Attorney No. 88448)
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
(305)-445-7801

MASUD LABOR LAW GROUP
Attorneys for Defendant

By: /s/ Brian P. Swanson
BRIAN P. SWANSON (MI-P53271)
Admitted *Pro Hac Vice* No: 1024110
4449 Fashion Square Boulevard – Suite 1
Saginaw, Michigan 48603
(989) 792-4499

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on <u>January 12, 2021</u>, I electronically filed the foregoing document with the Clerk of the Court using e-Filing Portal. I also certify that the foregoing document is being served this day on all counsel of record identified below in the manner specified, either via e-mail in accordance with Rule 2.516 or in some other authorized manner for those counsel or parties who are not authorized to receive electronic mailing.

Anthony M. Georges-Pierre, Esq.
REMER & GEORGES-PIERRE, PLLC
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Email: agp@rgpattorneys.com

/s/Suhaill M. Morales
ATTORNEY

2

Filing # 119511664 E-Filed 01/12/2021 05:47:09 PM

IN THE CIRCUIT COURT FOR THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ALEJANDRO ALMEIDA,

      Plaintiff,

vs.                             Case No.: 2020-013936-CA-01

CLOUD 10 CORP.,

      Defendant.

_____/

### PLAINTIFF RESPONSES AND OBJECTIONS TO DEFENDANT'S
### FIRST REQUEST FOR ADMISSIONS

      Plaintiff, by and through its undersigned counsel and pursuant to Florida Rules of Civil Procedure, hereby

serves its Responses to Defendant's Request for Admissions, as follows:

### GENERAL COMMENTS AND QUALIFICATIONS

      Plaintiff has endeavored to respond to Defendant's Request for Admissions on the basis of the best

information available.  Persons who are non-parties may have relevant information or documents, but Plaintiff is not

purporting to provide in these Responses, materials, if any, presently possessed by such persons.

      The Responses set forth below are made without waiving the following:

### GENERAL OBJECTIONS

      Plaintiff hereby asserts the following General Objections, applicable to each of

Defendant's enumerated specific requests.

A.     Any response to these Requests by Plaintiff, in good faith resolution of any objection to these

Requests, shall be subject to Plaintiff's right to object to admissions and the introduction into evidence

of any and all admissions on the grounds that they, or any of them, are irrelevant to the issues in this

action or otherwise inadmissible or incomplete.  The responses and objections are based upon

Plaintiff's specific knowledge and belief after a reasonable inquiry, and are subject to amendment if

and when Plaintiff acquires additional information.

B.     Plaintiff objects to Defendant's Request for Admissions to the extent that

they are vague, overly broad and unduly burdensome, and/or seek information that is

not reasonably relevant to any claim or defense in this case.

      C.    Plaintiff objects to Defendant's Request for Admissions to the extent that they seek the disclosure of information that is subject to the attorney-client privilege, the attorney work product privilege and/or any other applicable privilege. If any such information is disclosed, except pursuant to a specific written agreement covering such information, the disclosure shall be deemed inadvertent and is not intended to waive or prejudice any applicable privilege or immunity from disclosure.

      D.    Plaintiff objects to Defendant's Request for Admissions to the extent that they seek to impose obligations on Plaintiff that are greater than or inconsistent with the Florida Rules of Civil Procedure or relevant State Law.

      D.    Plaintiff reserves the right to supplement, amend, correct or clarify its responses, as necessary, or to seek leave of Court to do so.

      E.    Plaintiff objects to each admission (or part of an admission) to the extent such admission would require Plaintiff to warrant the information provided is exhaustive.  Plaintiff will endeavor to provide information in good faith and consistent with its obligations under the Florida Rules of Civil Procedure and relevant State of Florida law.

F.    Plaintiff denies all allegations set forth in Defendant's Request for Admissions which are not specifically admitted to herein.

      Plaintiff responds to the correspondingly numbered Requests as follows:

### PLAINTIFF'S RESPONSES TO SPECIFIC REQUEST FOR ADMISSIONS

1.    Objection: this request is too broad and involves both factual issues as well as legal issues.  The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

2.    Objection: this request is too broad and involves both factual issues as well as legal issues.  The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

3.    Objection: this request is too broad and involves both factual issues as well as legal issues.  The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no

real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

4.   Objection: this request is too broad and involves both factual issues as well as legal issues. The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

5.   Objection: this request is too broad and involves both factual issues as well as legal issues. The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

6.   Objection: this request is too broad and involves both factual issues as well as legal issues. The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

7.   Objection: this request is too broad and involves both factual issues as well as legal issues. The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

8.   Objection: this request is too broad and involves both factual issues as well as legal issues. The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

9.   Objection: this request is too broad and involves both factual issues as well as legal issues. The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

10.  Objection: this request is too broad and involves both factual issues as well as legal issues. The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions.

Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

11. Objection: this request is too broad and involves both factual issues as well as legal issues. The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

12. Objection: this request is too broad and involves both factual issues as well as legal issues. The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

13. Objection: this request is too broad and involves both factual issues as well as legal issues. The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

14. Objection: this request is too broad and involves both factual issues as well as legal issues. The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

15. Objection: this request is too broad and involves both factual issues as well as legal issues. The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

16. Objection: this request is too broad and involves both factual issues as well as legal issues. The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

17. Objection: this request is too broad and involves both factual issues as well as legal issues. The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

18. Objection: this request is too broad and involves both factual issues as well as legal issues.  The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

19. Objection: this request is too broad and involves both factual issues as well as legal issues.  The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

20. Objection: this request is too broad and involves both factual issues as well as legal issues.  The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

21. Objection: this request is too broad and involves both factual issues as well as legal issues.  The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

22. Objection: this request is too broad and involves both factual issues as well as legal issues.  The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

23. Objection: this request is too broad and involves both factual issues as well as legal issues.  The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

24. Objection: this request is too broad and involves both factual issues as well as legal issues.  The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

25. Objection: this request is too broad and involves both factual issues as well as legal issues.  The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no

real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

26. Objection: this request is too broad and involves both factual issues as well as legal issues. The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

27. Objection: this request is too broad and involves both factual issues as well as legal issues. The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Notwithstanding the foregoing objection and without waiver said objection, this request for admission as phrased is denied.

DATED: January 12, 2021                     Respectfully submitted,

By: *Anthony M. Georges-Pierre*
Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 0533637
*Attorney for Plaintiff*
**REMER & GEORGES-PIERRE, PLLC**
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, FL 33130
Phone: (305) 416-5000
Fax:     (305) 416-5005
E-mail: agp@rgpattorneys.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via e-Mail this 12th day of January, 2021 to:

Suhaill M. Morales, Esq.
smorales@anblaw.com
ALLEN, NORTON & BLUE, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Telephone: (305) 445-7801
Facsimile: (305) 442-1578


Brian P. Swanson, Esq.
MASUD LABOR LAW
GROUP
Admitted *Pro Hac Vice* No: 1024110
4449 Fashion Square Boulevard – Suite 1
Saginaw, Michigan 48603
(989) 792-4499
asalgado@anblaw.com;
beth@masudlaborlaw.com


By: *Anthony M. Georges-Pierre*
Anthony M. Georges-Pierre, Esq.

Filing # 120920782 E-Filed 02/05/2021 02:59:31 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ALEJANDRO ALMEIDA,                                   CASE NO: 2020-013936-CA-01

        Plaintiff,

vs.

CLOUD 10 CORP.,

        Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff, ALEJANDRO ALMEIDA ("Plaintiff"), by and through the undersigned counsel and pursuant to the Florida Rules of Civil Procedures, hereby serves his Responses and Objections to the First Set of Interrogatories propounded by Defendant, CLOUD 10 CORP. ("Defendant").

### I.    GENERAL STATEMENT

Plaintiff does not intend to disclose information that is privileged or is otherwise immune from discovery. Disclosure of any information protected by the attorney-client privilege, work product doctrine or any other applicable privilege, except pursuant to a specific written agreement covering such information, shall be deemed inadvertent.

Inadvertent disclosure of any information shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such information, nor shall such inadvertent disclosure waive or prejudice this right of Plaintiff to object to the use of any such information during this or any subsequent proceeding.

The responses herein are based on the best information available to Plaintiff as of this date. Plaintiff reserves the right to modify, amend and/or supplement these responses. Plaintiff's responses to any of these interrogatories shall not constitute an admission by Plaintiff that

information is properly discoverable or admissible at trial, and shall not constitute a waiver of any objection which might otherwise be made to the use of such information. Subject to the foregoing, Plaintiff objects and/or responds as follows:

## II.  GENERAL RESPONSES

Plaintiff's response to the interrogatories is made to the best of his/her present knowledge, information, and belief. Said response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Plaintiff's recollection, is subject to such refreshing of recollection, and such additional knowledge of facts as may result from its further discovery or investigation. Plaintiff reserves the right to make any use of, or to introduce at any hearing and at trial, information and/or documents responsive to the limited to, any such information or documents obtained in discovery herein.

Plaintiff reserved all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in trial of this or any other action for any purpose whatsoever of Plaintiff's responses herein and any document or thing identified or provided in response to the Interrogatories.

Plaintiff reserve the right to object on any ground at any time to such other or supplemental interrogatories as Defendant may at any time propounded involving or relating to the subject matter of these interrogatories.

## III.  PLAINTIFF'S RESPONSES TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1:** State the following information about the Plaintiff:

(a) Full name. If ever known by any other name, state the name, the dates of use of such name and the reason for any changes of name; **Alejandro Almeida**

(b) Date and place of birth; **December 13, 1993 in Guanabana, Cuba.**

(c) Business address or addresses, if more than one place of business, and list all other addresses at which you have conducted business during the past ten (10) years; **Plaintiff objects to this request as overbroad as it is not limited to the time and scope of the above captioned matter. The request is unwarranted and not likely to lead to the admission of relevant evidence but rather, is designed to harass, embarrass, and oppress Plaintiff.**

(d) Educational background, including schools attended, training received, degrees and certificates earned or awarded; **Associate degree in Computer Engineering from Miami Dade College and a Bachelor's Degree in Computer Engineering from Florida International University.**

(e) Children's names, dates of birth and addresses; **None.**

(f) State all individuals to whom Plaintiff has been married. Specify full name as well as county and dates of marriage. If marriage ended in divorce, please specify county in which the divorce was entered; **None.**

**INTERROGATORY NO. 2:** If Plaintiff has ever been a party or witness in a lawsuit, legal proceeding, or convicted of, or pled guilty or no contest to a crime, or filed for bankruptcy, or filed a claim for recovery of a personal injury or economic loss, state the nature and date of the lawsuit, the legal proceeding, the crime or type of bankruptcy proceeding or claim, and the name and address of the court, agency or entity where the lawsuit, legal proceeding, criminal proceeding, claim or bankruptcy proceeding occurred.

      <u>**RESPONSE:**</u> **None.**

**INTERROGATORY NO. 3:** If Plaintiff has ever made a charge or complaint against any employer, co-employee or other person regarding any employment concern, including the Equal Employment Opportunity Commission, the Florida Commission on Human Relations, other civil rights department, the National Labor Relations Board, or any other administrative agency or any state or federal court, state the nature and date of the charge or complaint and the name and address

of the administrative agency and/or the federal or state court and any other identifying information such as parties names, case and claim number.

> **RESPONSE:** Yes, EEOC Case #510-2020-00817.

**INTERROGATORY NO. 4:** If Plaintiff has applied for or received any benefits, money or compensation from any private or government contract, or unemployment insurance benefits, state or federal disability benefits, workers' compensation or any other benefits, public or private in the last five (5) years, state the identity of the entity Plaintiff filed a claim with, the nature of the benefit sought and the date and amount of the benefit received.

> **RESPONSE:** Plaintiff objects to this request as overbroad and not limited to the time and scope of the above captioned matter. The request is unwarranted and not likely to lead to the admission of relevant evidence but rather, is designed to harass, embarrass, and oppress Plaintiff. Plaintiff was employed with Defendant during the time period of September 2019 to October 2019, thus, a time period of five (5) years is overbroad. Subject to and without foregoing these objections, Plaintiff has applied for Florida Unemployment Assistance and Social Security Disability.

**INTERROGATORY NO. 5:** If in the past five (5) years Plaintiff has attempted to secure employment, engaged in self- employment, or in any way to mitigate his alleged damages, identify the name and address of the entities including the name of the person(s) contacted at each such entity where plaintiff applied for employment up to the present date and describe what action Plaintiff took to mitigate his alleged damages and the date each such action was taken.

> **RESPONSE:** Plaintiff objects to this request as overbroad and not limited to the time and scope of the above captioned matter. The request is unwarranted and not likely to lead to the admission of relevant evidence but rather, is designed to harass, embarrass, and oppress

4

Plaintiff. Plaintiff was employed with Defendant during the time period of September 2019 to October 2019, thus, a time period of five (5) years is overbroad when requesting information regarding his employment and mitigation of damages. Subject to and without foregoing these objections, Plaintiff has applied to several positions via internet job hosting sites such as Indeed, Monster, etc. and actively sought out employment after his unlawful termination from Defendant.

**INTERROGATORY NO. 6:** Identify all damages (i.e., general damages, special or consequential damages, compensatory damages, emotional distress, back pay, front pay, or any other relevant categories) you allege to have suffered as a result of Defendant's alleged unlawful conduct, specifying each type or category of damages, and separately for each type or category state: (a) the nature of the damages; (b) the amount of damages; (c) all facts supporting or establishing the damages; and (d) in full detail, how you calculated the amount of your damages.

**RESPONSE:** Plaintiff's damages in this case are on-going. Accordingly, an accurate determination as to damages cannot be made at this point in time. However, relief sought includes but is not limited to actual damages, back pay, front pay, lost benefits, costs of litigation, attorney's fees, and any other and further equitable relief just and proper including punitive damages.

**INTERROGATORY NO. 7:** If in the past five (5) years, Plaintiff has received any health care service or been treated, examined, counseled, evaluated, or tested by a doctor, physician, health or medical practitioner, psychologist, social worker, therapist, counselor, holistic practitioner, hospital, clinic, institution, or health care provider for a physical, mental or emotional condition, state the nature of the condition, the name and address of the provider(s) and the date(s) of service.

**RESPONSE:** Plaintiff objects to this request as overbroad and not limited to the time and scope of the above captioned matter. The request is unwarranted and not likely to lead to the admission of relevant evidence but rather, is designed to harass, embarrass, and oppress Plaintiff. Plaintiff was employed with Defendant during the time period of September 2019 to October 2019, thus, a time period of five (5) years is overbroad when requesting information regarding his medical treatment. Further, this information is equally available to the Defendant. Plaintiff advises Defendant review Plaintiff's medical records.

**INTERROGATORY NO. 8:** Identify all persons, including their titles, addresses and telephone numbers, who have treated, examined, cared for, counseled or advised you regarding any alleged disability and/or handicap that you claim to have in the past five years.

**RESPONSE:** Plaintiff objects to this request as overbroad and not limited to the time and scope of the above captioned matter. The request is unwarranted and not likely to lead to the admission of relevant evidence but rather, is designed to harass, embarrass, and oppress Plaintiff. Plaintiff was employed with Defendant during the time period of September 2019 to October 2019, thus, a time period of five (5) years is overbroad when requesting information regarding his medical treatment. Further, this information is equally available to the Defendant. Plaintiff advises Defendant review Plaintiff's medical records.

**INTERROGATORY NO. 9:** Set forth the names and addresses of any person who Plaintiff believes has knowledge concerning the facts asserted in Plaintiff's Complaint and, as to each such person, state the specific substance of his or her knowledge and the nature of Plaintiff's relationship to each such person.

**RESPONSE:** Antonio Tauler, M.D. – Psychiatrist; 3850 W Flagler Street, Coral Gables, FL. 33134 and Paul Sweeney, M.D. – Rheumatologist, 3659 S. Miami Ave, Miami, FL. 33133.

**INTERROGATORY NO. 10:** Identify and describe with specificity, including without limitation, their current location, all personal electronic communication devices, including without limitations computers, cellular devices, and tablets, used by Plaintiff from January 2018 to the present.

**RESPONSE:** Plaintiff objects to this request as overbroad, unduly burdensome, and not likely to lead to the admission of relevant evidence. Plaintiff was employed with Defendant during on or about September 2019 to October 2019 thus not only is the scope of time of the request overbroad, but so is the interrogatory itself. The request is unwarranted and not likely to lead to the admission of relevant evidence but rather, is designed to harass, embarrass, and oppress Plaintiff. Plaintiff's personal electronic communication devices such as his cell phone, is wholly irrelevant to the subject matter of the above styled case.

**INTERROGATORY NO. 11:** If Plaintiff has ever been disciplined in connection with any employment including, but not limited to, being suspended, being placed on probation, discharged, demoted or otherwise warned, whether formally or informally, or verbally or in writing, regarding work performance, infraction or violation of work rules, company policies or procedures, absenteeism, tardiness or otherwise, state the nature and date of the discipline and the name and address of the employer and what materials or documents evidence such discipline.

**RESPONSE:** No.

**INTERROGATORY NO. 12:** Are you currently working toward an educational degree, occupational qualification or training certificate? If so, identify the name and address of the entity involved and what is necessary for you to complete your work.

> **RESPONSE:** Plaintiff is obtaining his Bachelor's degree at Florida International University located at 11200 SW 8 Street, Miami, Florida 33199 and Plaintiff requires accommodations provided by the University's access department.

**INTERROGATORY NO. 13:** Please identify each person whom Plaintiff expects to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

> **RESPONSE:** Cannot be determined at this time as this discovery is ongoing.

**INTERROGATORY NO. 14:** Please identify as to each person whom Plaintiff expects to call as an expert witness at trial, (1) The scope of employment in the pending case and the compensation for such service; (2) The expert's general litigation experience, including the percentage of work performed for plaintiffs and defendants; (3) The identity of other cases, within a reasonable time period, in which the expert has testified by deposition or at trial; and (4) An approximation of the portion of the expert's involvement as an expert witness, which may be based on the number of hours, percentage of hours, or percentage of earned income derived from serving as an expert witness.

> **RESPONSE:** Cannot be determined at this time as this discovery is ongoing

**INTERROGATORY NO. 15:** Please identify the actual or perceived disability(ies) you allege had during your employment with Defendant and how the alleged disability(ies) impeded your

ability to perform a major life function; state specifically which major life function was impeded and how it was impeded.

> **RESPONSE:** Fibromyalgia, Bipolar disorder, Major Depressive Disorder, Panic Disorder, Generalized anxiety, depersonalization, hypogonadism. These conditions only permit Plaintiff to work during certain time periods due to symptoms and side effects of medications.

**INTERROGATORY NO. 16:** State who you advised about your alleged disability(ies) when you were hired and what accommodations you requested, as alleged in Paragraph 11 of your Complaint.

> **RESPONSE:** Teresa Wyatt, Phil Nadolsky, Katie Patterson. Plaintiff also requested to have his schedule accommodated for reduced hours and to work in the mornings.

**INTERROGATORY NO. 17:** Identify each fact to support your claim that you were discriminated against because of your alleged disability, as alleged in Count I of your Complaint, including any action you suffered as a result of your alleged disability, the identity of the individual who engaged in the alleged discriminatory act, the date of the act, and if there were any witnesses to the alleged act.

> **RESPONSE:** Defendant scheduled Plaintiff for a night shift knowing that he is not capable of working after 6pm due to his medication and continued to reprimand Plaintiff when he was not able to work the new schedule she provided, regardless of his conditions and inability to work during those hours due to his conditions and treatment.

**INTERROGATORY NO. 18:** Identify everyone who worked for Defendant who had knowledge of your alleged disability, when they obtained the knowledge, how they obtained that knowledge, and what knowledge they had relating to your alleged disability and/or handicap.

**RESPONSE:** Teresa Wyatt, Phil Nadolsky, Katie Patterson had knowledge as Plaintiff informed them of his required accommodations.

**INTERROGATORY NO. 19:** State each and every fact you believe supports your allegation that Defendant failed to take reasonable steps to prevent discrimination and harassment, as alleged in Count II of your Complaint, and identify how this alleged failure affected you.

**RESPONSE:** Defendant failed to provide Plaintiff with scheduling accommodations pursuant to the limitations imposed by his condition and treatment.

**INTERROGATORY NO. 20:** Identify each fact to support your claim that Defendant retaliated against you because you engaged in activities protected by law, as alleged in your Count III of your Complaint, including any action you suffered as a result of your alleged engagement in activities protected by law, the identity of the individual who retaliated against you, the date of the retaliatory act, and if there were any witnesses to the alleged retaliatory act.

**RESPONSE:** Defendant failed to provide Plaintiff with scheduling accommodations pursuant to the limitations imposed by his condition and treatment.

Dated: 2/5/2021                                    Respectfully submitted,

/s/ *Anthony M. Georges-Pierre*
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 5, 2021, I electronically filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the Florida Courts E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices.

**Suhaill M. Morales, Esq.**
Florida Bar No.: 88448
smorales@anblaw.com
sreardon@anblaw.com
asalgado@anblaw.com
**ALLEN NORTON & BLUE, P.A.**
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
(305) 445-7801
*Co-Counsel for Defendant*

**Brian P. Swanson, Esq.**
Admitted Pro Hac Vice No. 1024110
bswanson@masudlaborlaw.com
beth@masudlaborlaw.com
**MASUD LABOR LAW GROUP**
4449 Fashion Square Blvd. Suite 1
Saginaw, Michigan 48603
(989) 792-4499
*Co-Counsel for Defendant*

By: /s/ *Anthony M. Georges-Pierre*
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 0533637
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269